STATE of Missouri, Respondent,

v.

Arnold BAILEY, Appellant.

Arnold BAILEY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 43479, WD 44691.

Missouri Court of Appeals, Western District.

Aug. 25, 1992.

Application to Transfer Denied Nov. 24, 1992.

James C. Ochs, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

SPINDEN, Presiding Judge.

Arnold Bailey appeals his convictions of two felony drug charges, possessing cocaine and possessing more than 25 grams of marijuana. Bailey also appeals the court's denial of his Rule 29.15 motion for post-conviction relief.

Officers found the drugs in a briefcase Bailey was carrying. Bailey challenges his convictions on three grounds. He argues that the trial court erred: (1) by not suppressing the drugs found in the briefcase because officers acted unlawfully in seizing them; (2) by permitting the state to argue to the jury that Bailey was a drug dealer; and (3) by permitting the state to try to link him to a woman identified as a drug dealer. We affirm the convictions for reasons we outline in detail as we consider each point.

In his Rule 29.15 motion, Bailey complains that his attorney was ineffective for numerous reasons set out below. We conclude that the trial court properly denied the motion.

## SUPPRESSION OF DRUGS

Officers arrested Bailey inside a Jefferson City bar shortly after the bartender, Larry McGowan, sold cocaine and marijuana to an undercover police officer, Mark Stoner. McGowan let Stoner into the locked bar at about 8:30 A.M. on July 12, 1989, and sold him cocaine from behind the bar. When Stoner asked for marijuana, too, the bartender replied that Arnold was downstairs and that he would have to go downstairs to get it. McGowan did go downstairs and returned with a bag of marijuana and sold it to Stoner.

Stoner wore a radio transmitter under his clothes. Officers with the receiver recorded Stoner's conversation with McGowan. As Stoner left the bar, he used the transmitter to instruct officers to arrest the two men inside. Four officers entered the club immediately to secure the premises while Stoner went to the courthouse to get a search warrant. The officers found McGowan on the main floor and arrested him. Two of them went downstairs and found Bailey carrying a briefcase in one hand and money and some papers in the

other. He appeared nervous to the officers and stuttered, "What are you guys doing here? I was just getting ready to come and see you guys." He also told the officers that he was going to pay some bad checks McGowan had written.

The officers arrested Bailey and seized the items from his hands. They took the items upstairs to a table where they watched over them until Stoner had obtained a search warrant. While the officers waited, Bailey volunteered an explanation that he had found some drugs behind the bar and had placed them in his briefcase to dispose of them.

Stoner obtained a warrant to search "The Jeffersonian Bar located at 1009 Missouri Boulevard in Jefferson City, Missouri" for "[c]ocaine, marijuana or other dangerous or illegal controlled substances, drug paraphernalia, or records made or kept in the illicit trafficking of illegal drugs and the body of Larry McGowan, are being held and kept in [The Jeffersonian Bar]." When an officer returned to the bar with the search warrant, officers opened the briefcase and found marijuana and cocaine inside.

■ Bailey contends that his arrest was illegal because it was not supported by probable cause; therefore, the officers' seizure and search of the briefcase was illegal.[1] We do not agree that the arrest was illegal.

■ A warrantless arrest is valid if probable cause exists at the time of arrest. *State v. Ware*, 793 S.W.2d 412 (Mo.App. 1990). Probable cause exists if facts and circumstances within the agent's knowledge are sufficient to support a reasonable belief that the person arrested committed an offense. *United States v. Swayne*, 700 F.2d 467 (8th Cir.1983). In determining whether the officers had probable cause, the trial court considers the combined knowledge of all officers involved. *United States v. Rich*, 795 F.2d 680 (8th Cir.1986).

Officers had probable cause to arrest Bailey without a warrant. The trial court could infer that officers listening to Stoner's transmitter heard McGowan tell Stoner that he would have to get marijuana from a person named Arnold and could reasonably conclude that Bailey was involved in the drug sale. Stoner confirmed in his radio transmission to the waiting officers that two men inside the bar were involved.

■ Having made a lawful arrest, the officers were within an exception to requirements for a search warrant: search incident to a lawful arrest. *State v. Hudson*, 793 S.W.2d 872 (Mo.App.1990). The exception's scope is limited to a search of the person and the area within his immediate control. *State v. Glenn*, 431 S.W.2d 200 (Mo.1968). Officers were warranted in believing that the briefcase in appellant's hands could have contained weapons or destructible evidence. The officers could have searched the briefcase immediately after the arrest, but they waited until Stoner obtained a search warrant. We discern no basis for reversing the trial court's denial of Bailey's motion to suppress the evidence found in Bailey's briefcase.

## CLOSING ARGUMENT

■ Bailey argues that the trial court erred in not sustaining his objection to the prosecutor's suggestion during closing argument that Bailey was a drug dealer. The prosecutor told the jury:

Common sense tells you the defendant didn't take any drugs from Larry McGowan that morning. They're the defendant's drugs. This is the defendant's business. O.K. This is what the defendant does. He's not a street-level drug dealer. He's insulated by employees, not

1. We consider the point notwithstanding Bailey's failure to file a transcript of the suppression hearing. Although the Supreme Court has ruled that the absence of a suppression hearing transcript violates Rule 81.12(a)'s requirement of a full and complete record for review, *Jackson v. State*, 514 S.W.2d 532, 533–34 (Mo.1974), we conclude that Bailey exercised due diligence in attempting to provide us the transcript. The trial court's reporter retired before this case was appealed, and the new reporter swears that she has searched the files and cannot find the transcript. We must, however, resolve any doubts which result from the lack of a transcript in the state's favor.

employees on any type of official payroll, employees he pays cash could [sic].

Bailey argues that this comment was improper because the state had charged Bailey with possession of drugs, not with selling them.

■ The trial court has much discretion to determine the propriety of oral argument. *State v. Hampton*, 653 S.W.2d 191, 193 (Mo. banc 1983). "This court will not reverse the trial court's ruling on the propriety of counsel's argument unless there has been a clear abuse of discretion" and "only if the complained of comments decisively affected the jury's determination or where the argument was plainly unwarranted." *State v. Benton*, 812 S.W.2d 736, 741 (Mo.App.1991) (citing *Hampton* and *State v. Murphy*, 739 S.W.2d 565, 570 (Mo. App.1987)).

We do not believe that the trial court erred in overruling Bailey's objection. The jury had heard evidence that McGowan had to consult with a man named Arnold to get marijuana for Stoner. There was no evidence that anyone but Bailey was named Arnold and downstairs at the time. Inside Bailey's briefcase was more than 150 grams of marijuana, many bags of cocaine, and several bottles of cutting agent. The prosecutor made a reasonable inference from this evidence that Bailey was a drug dealer, and a prosecutor may argue reasonable inferences which he deems in good faith to be justified. *State v. Pena*, 784 S.W.2d 883, 887 (Mo.App.1990).

In *Pena*, this court considered the case of a defendant charged with possessing cocaine. In closing arguments, the prosecutor suggested to the jury that it send a message to "drug couriers" by convicting the defendant. The defendant in *Pena* complained that he had been charged only as a possessor, not as a trafficker. This court reasoned:

[T]he prosecutor could in good faith argue Pena possessed the cocaine because he was a drug courier or a dealer. The appellant was in control of 137.23 grams of cocaine, contained in five separate packages with a street value of $150 per gram, or $20,584.50 total value. He left Dodge City, Kansas on March 1, arrived in Chicago, Illinois on March 2, and was arrested on March 3 on his way back to Kansas. It was reasonable for the prosecutor to infer from the large amount of cocaine, its packaging, and the short duration of the trip that Pena was a dealer or courier.

*Id.* at 887.

Applying this analysis to Bailey's case, we reach the same conclusion: The prosecutor's inference that Bailey was a drug dealer was reasonable. We conclude that Bailey's point is without merit.

### MARGARET HEGWOOD

■ Inside Bailey's briefcase was a bank record concerning an insufficient funds check issued by Margaret Hegwood to Bailey Wrecking Service, a business owned by Bailey's son and managed by Bailey. The state seized upon this record to link Bailey to Hegwood. Stoner had identified Hegwood as a woman who had sold him drugs. Bailey argues that Hegwood's selling drugs to Stoner and the bank record injected irrelevant and immaterial matter, including "possible evidence of other crimes," into the record.

■ Bailey did not object to these matters at trial; hence, he did not preserve the issues for review. We, therefore, consider the matter under Rule 29.12(b): "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

■ Plain error is evident, obvious and clear error. *State v. Minor*, 548 S.W.2d 598, 600 (Mo.App.1977). We need not concern ourselves with whether Bailey's substantial rights were affected or whether manifest injustice resulted from the alleged error because we do not find plain error.

The evidence of which Bailey complains supported the state's contention that Bailey had motive and intent for possessing the drugs and that he was not carrying them for the innocent purposes he insisted. Evi-

dence is relevant and material in a criminal trial if it tends to show motive, intent, absence of mistake or accident, a common scheme embracing two or more related crimes, or the identity of the person charged with the crime at trial. *State v. Rose*, 727 S.W.2d 919 (Mo.App.1987).

The jury could have inferred from the evidence that Bailey was not truthful when he testified that neither the briefcase nor the drugs inside it were his. From the bank record, the jury could have concluded that, contrary to what he said, he did know Hegwood. Her name was on a current record for the wrecking service he managed. The jury could have inferred from his insistence that he had never heard of Hegwood and that he did not know how the record got into the old briefcase that Bailey feared being linked to Hegwood. Her involvement in drugs sales to Stoner would offer a reasonable explanation why he wanted to deny knowing her.

## RULE 29.15

We affirm the trial court's denial of Bailey's motion for post-conviction relief. For his motion to prevail on the ground asserted, ineffective assistance of counsel, Bailey must establish that his trial attorney did not use the skill, care and diligence a reasonably-competent attorney under similar circumstances would have used and his attorney's failings prejudiced him—that is, but for the failings the outcome of Bailey's trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must overcome a strong presumption that his trial counsel was competent. *Id.*

### Sentencing

Bailey complains that his trial attorney permitted the court to sentence him to 10 years on each of the two convictions although the maximum sentence permitted was seven years. The trial court corrected the error by resentencing Bailey to seven years on each conviction before considering his Rule 29.15 motion. "Here before the Court," Bailey argues, "was evidence that trial counsel had not been effective." Bailey suffered no prejudice; his point is without merit.

### Failure to Interview and Call Witnesses

Bailey complained that he could not get his trial attorney to interview or call witnesses who could have helped exonerate him. Trial counsel denied the allegation and asserted, instead, that he made every effort to interview all of the witnesses suggested by Bailey. The attorney further countered that he wanted to call several of the witnesses Bailey now complains were not called, but Bailey insisted that he not do so.

The motion court was not required to believe Bailey's testimony, and we must defer to the motion court's determination of credibility. *Proctor v. State*, 809 S.W.2d 32 (Mo.App.1991). As to the attorney's acquiescing to Bailey's demands that several witnesses not be called, counsel generally cannot be accused of ineffectiveness because they yield to their client's instructions. *Pollard v. State*, 807 S.W.2d 498 (Mo. banc 1991). We find no basis for overturning the motion court's finding that Bailey's attorney had not been incompetent in this manner.

### Failure to Challenge Search Warrant

Bailey contends that his attorney was incompetent for not moving to suppress the search warrant. Bailey argues that the warrant was defective because it did not mention the briefcase; therefore, the briefcase was outside the warrant's scope and the search was illegal.

Bailey's point need not detain us. His contention rests on the necessity for a search warrant, and we established earlier that such a contention is meritless.[2]

---

**2.** Moreover, the expressed object of a search defines its scope. *Florida v. Jimeno,* — U.S. ——, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). A briefcase could contain the narcotics described in the warrant; therefore, a search of the briefcase was proper even though the warrant did not specifically mention the briefcase.

*Unpreserved Errors*

 Bailey then charges that his trial attorney was incompetent for failing to object to what he characterizes as the prosecutor's "misphrasing of evidence," unresponsive answers and similar matter. Failure to object to everything objectionable does not demonstrate incompetence. "[A]ny experienced trial lawyer knows ... that it is not always wise to make all possible objections." *Jones v. State,* 784 S.W.2d 789, 792 (Mo. banc 1990). We judge such contentions as Bailey makes here by searching for evidence demonstrating overall incompetence so as to not permit him to convert unpreserved error into viable error by asserting it in a Rule 29.15 motion. *Id.* We find no indication of overall incompetence. Bailey's attorney was not unfamiliar with the grounds for objection and did not lack alertness.

*Bailey's Testimony in His Own Behalf*

 Bailey complains that his attorney did not warn him of the jeopardy he faced in taking the witness stand in his own behalf. The trial court heard evidence that Bailey's trial attorney advised Bailey that his prior conviction would come into evidence if he took the stand. Moreover, the attorney told the court that he advised Bailey not to give details of his conviction during his testimony, but Bailey volunteered that he was not guilty.

 We find support in the record for the trial court's finding that the attorney advised Bailey of the consequence of his taking the witness stand. Furthermore, the attorney's decision to allow Bailey to testify fell within the broad latitude given attorneys in matters of trial strategy. *State v. Davis,* 814 S.W.2d 593 (Mo. banc 1991), *cert. denied,* — U.S. —, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992).

### CONCLUSION

For these reasons, we affirm Bailey's convictions and sentences. We also affirm the motion court's denial of his Rule 29.15 motion for post-conviction relief.

All concur.