**STATE of Missouri, Respondent,**

v.

**Ronald LUDWIG, Sr., Appellant.**

**No. ED 75843.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 16, 2000.

Charles H. Billings, Bruntrager & Billings, P.C., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL J. SIMON, Judge.

Ronald Ludwig Sr., defendant, appeals the judgment of the Circuit Court of St. Francois County following a jury verdict of guilty of involuntary manslaughter in violation of Section 565.024 RSMo.1994 (all further references herein shall be to RSMo.1994 unless otherwise indicated).

On appeal, defendant argues that the trial court: (1) erred in denying defendant's motions for judgment of acquittal at the close of the state's case, at the close of the evidence and after conclusion of the trial, because the evidence was insufficient to support a guilty verdict of involuntary manslaughter; and (2) committed plain error in submitting the verdict directing instruction on involuntary manslaughter because the instruction failed to: (a) include the definition of "recklessly caused the death"; (b) require the jury to find that defendant possessed the culpable mental state since it required that the jury find defendant guilty if defendant or his son, Ron Ludwig, Jr. "recklessly" caused the death of victim and the direction to find defendant guilty if it was his purpose to aid in an unintentional act did not require a finding of a culpable mental state necessary for conviction. We reverse and remand.

On review, we accept as true all of the evidence favorable to the verdict, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo.banc 1989). In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

The record, viewed in the light most favorable to the verdict, reveals that on May 25, 1995, Randy Irby, victim, had

spent the day drinking and target practicing with his .22 caliber revolver. Victim arrived at the Express Mart, intoxicated and with his .22 caliber revolver concealed in his waistband. He walked up to a group of people who were outside drinking beer. In the group was defendant and his son, Ron Ludwig, Jr. Victim attempted to shake everyone's hand. Victim asked son if he wanted to "do a line," which son declined. At that point, victim put his hands on defendant. Defendant twice told victim, "Don't put your hands on me." Son repeatedly asked victim to leave.

At some point, although victim had not removed the gun from his waistband, son announced that victim had a gun. Defendant took off his glasses, placed them on the hood of a truck and elbowed victim in the mouth. Victim was knocked onto a picnic table and to the ground. Defendant then punched victim several times and grabbed him by the throat. Defendant told son to get the gun from victim. Son got on top of victim. The gun fired, hitting victim in his left eye. Defendant then stood up, while son got to his knees. Son said, "I can't believe I just shot him." Defendant went into the store and called for help, telling the dispatcher that he had shot victim. An autopsy revealed that victim died as a result of "brain injury, secondary to a single, distant gunshot wound to the face."

Defendant was charged by indictment with voluntary manslaughter. Thereafter, an "Amended Substitute Information" was timely filed charging him as a prior offender. Son was not charged in the matter.

At trial, defendant asserted defenses of both self defense and accident. Instructions were submitted to the jury on voluntary manslaughter, involuntary manslaughter and self defense. Defense counsel indicated that he had no objection to the instructions. The verdict directing instruction on involuntary manslaughter, patterned after MAI–CR3d 313.10, incorporated accessory liability under MAI–CR 3d 304.04 and provided:

If you do not find the defendant guilty of voluntary manslaughter, you must consider whether he is guilty of involuntary manslaughter.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 25th day of May 1995, in the county of St. Francois, State of Missouri, the defendant, Ronald Ludwig Sr., or Ronald Ludwig Jr. caused the death of Randy Irby by shooting him, and

Second, that defendant or Ron Ludwig Jr. recklessly caused the death of Randy Irby, and

Third, that the defendant did not act in lawful self defense as submitted in Instruction No. 8, and

Fourth, that defendant did not act in lawful defense of another person as submitted in Instruction No. 9,

Then you are instructed that the offense of involuntary manslaughter has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of that involuntary manslaughter, defendant acted together with Ronald Ludwig Jr. in committing that offense, then you will find the defendant, Ronald Ludwig Sr. guilty of involuntary manslaughter.

However, unless you find and believe from all the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of involuntary manslaughter.

If you do find the defendant, Ronald Ludwig Sr., guilty of involuntary manslaughter, you will return a verdict finding him guilty of involuntary manslaughter.

The instruction failed to include the portion of MAI–CR3d 313.10, which defines recklessly:

In determining whether the defendant recklessly caused the death of [name of

victim], you are instructed that a person acts recklessly as to causing the death of another person when there is a substantial and unjustifiable risk he will cause death and he consciously disregards that risk, and such disregard is a gross deviation from what a reasonable person would do in the circumstances.

The jury returned a verdict of guilty on the charge of involuntary manslaughter. Defendant was sentenced as a prior offender to a term of seven years in the Missouri Department of Corrections.

■ In his first point on appeal, defendant contends that the trial court erred in denying his motions for judgment of acquittal because the evidence was insufficient to support a guilty verdict of involuntary manslaughter in that all of the evidence showed that defendant did not fire the weapon that killed victim and there is no evidence to show that defendant recklessly intended to cause injury or death to victim.

Section 565.024.1(1) Involuntary Manslaughter, provides that a person commits the offense of involuntary manslaughter if he "recklessly causes the death of another person." Section 562.041 Responsibility for the Conduct of Another, provides, in pertinent part:

A person is criminally responsible for the conduct of another when:

\* \* \*

■ (2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

The verdict directing instruction provided the jury the opportunity to find defendant guilty of involuntary manslaughter in recklessly causing the death of victim by shooting him or by acting together with his son for the purpose of promoting or furthering the commission of involuntary manslaugh-

ter as his son recklessly caused the death of victim. The evidence supports that either defendant or son caused the death of victim by shooting him. Defendant and son engaged in a struggle with victim, who was armed and intoxicated, in a group of people. Such behavior is reckless in that it presents a substantial and unjustifiable risk of death or injury to victim or to bystanders and defendant consciously disregarded that risk. Finally, there is evidence to support that defendant acted with son "for the purpose of promoting the commission of an offense" involuntary manslaughter, by telling son to "get the gun" and holding victim down while son attempted to take the gun, furthering a reckless situation. Therefore, the trial court did not err in denying defendant's motions for judgment of acquittal. Point denied.

In his second point, defendant contends that the trial court erred in submitting the verdict directing instruction on involuntary manslaughter to the jury, in that it failed to define recklessly and to require the jury to find that defendant possessed a culpable mental state. He concedes that he did not object to the instruction and requests plain error review.

■ Rule 28.02(c) provides that whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form. The giving of an instruction in violation of the Notes on Use under MAI–CR constitutes error, its prejudicial effect to be judicially determined, provided a timely objection has been made. Rule 28.02(f). However, for instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury such that the error affected the jury's verdict, resulting in manifest injustice or miscarriage of justice. *State v. Cline*, 808 S.W.2d 822, 824 (Mo.banc 1991).

Where an instruction uses a word in its ordinary, common-sense meaning, then no confusion occurs simply because the word is not defined. *State v. Dighera*, 617 S.W.2d 524, 534 (Mo.App. 1981). The ordinary lay definition of reckless is "lacking in caution," "careless, neglectful, thoughtless," "marked by a lack of foresight or consideration: improvident, negligent." Webster's Third New International Dictionary 1896 (Unabridged Ed.1993). The Western District, in *State v. Matheson*, 919 S.W.2d 553, 558 (Mo.App. W.D.1996), using the same definition found that under the facts of the case it was not an error for the court to fail to include a definition of reckless, as the statutory definition was consistent with the lay definition. Here, in this factual situation, the failure of the instruction to define recklessly misled the jury. The lay definition includes words such as careless and negligent, conduct that does not rise to the level of conscious disregard of a substantial and unjustifiable risk which is a gross deviation from the standard of care used by an reasonable person. *See State v. Beeler*, 12 S.W.3d 294 (Mo.banc 2000). Such would allow the jury to find defendant guilty of involuntary manslaughter if his conduct was no more than carelessness or negligence, resulting in manifest injustice. The case must be reversed and remanded for further proceedings consistent with this opinion.

Finally, we consider defendant's contention that the instruction was in error because it did not require the jury to find that defendant possessed the culpable mental state. Defendant argues that since the instruction required the jury to find defendant guilty if defendant or son "recklessly" caused the death of victim and to find defendant guilty if it was his purpose to aid in an unintentional act, it did not require a finding of a culpable mental state necessary for conviction.

The instruction, patterned after MAI–CR 3d 313.10 and MAI–CR 3d 304.04, submits that defendant or son recklessly caused victim's death and with the purpose of promoting or furthering the commission of involuntary manslaughter, defendant acted together with son in committing that offense. Defendant need not have intended the result. Since the instruction is consistent with MAI, the court did not err, plain or otherwise. However, based on our finding as to the lack of a definition of recklessly, the judgment must be reversed and remanded.

JUDGMENT REVERSED AND REMANDED.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.