**STATE of Missouri, Respondent,**

v.

**Starbert BOZARTH, Appellant.**

**No. WD 58702.**

Missouri Court of Appeals,
Western District.

May 15, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 3, 2001.

Application for Transfer Denied
Aug. 21, 2001.

Jeannie M. Willibey, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL M. SPINDEN, Chief Judge.

Starbert Bozarth appeals the circuit court's judgment to convict him of attempted escape from confinement and damage to jail property. He asserts that the circuit court committed plain error in submitting the verdict director for attempted escape from confinement because the instruction did not define the mental state of "knowingly." We affirm.

The verdict directing instruction was patterned after MAI–CR3d 329.74.2 and said:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 21, 1999, in the County of Ray, State of Missouri, the defendant Starbert W. Bozarth was being held in confinement at the Ray County Correctional Facility after being arrested for Assault in the First Degree, Armed Criminal Action, Assault in the Second Degree, Tampering in the First Degree, and Unlawful Use of a Weapon, crimes, and

Second, that defendant Starbert W. Bozarth broke out a window from his jail cell and otherwise removed himself from his jail cell, and thereby knowingly attempted to escape from confinement, and

Third, that defendant Starbert W. Bozarth did so for the purpose of escaping, then you will find the defendant Starbert W. Bozarth guilty under Count I of attempted escape from confinement.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant Starbert W. Bozarth not guilty of that offense.

The instruction, however, did not include a definition of "knowingly" as required by the Notes on Use for MAI–CR3d 329.74.2.

Note 6(a) requires that, when the term "knowingly" is "used in the instruction, the paragraph defining that term must be used[.]" MAI–CR3d 329.74.2, Notes on Use 6(a). MAI–CR3d 333.00 defines "knowingly:"

A person knew, or acts knowingly, or with knowledge,

(a) with respect to his conduct or to attendant circumstances when he (is)(was) aware of the nature of his conduct or that those circumstances (exist) (existed), or

(b) with respect to a result of his conduct when he (is)(was) aware that his conduct (is)(was) practically certain to cause that result.

█ Bozarth did not object to the omission of the definition from the instruction either at trial or in his motion for new trial; therefore, he did not preserve this issue for our review. Because Bozarth did not object, he asks us to review this issue for plain error.

Rule 30.20 grants us authority to consider "plain errors affecting substantial rights . . . when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. The rule is a conundrum. It grants us authority to review plain error only if we find manifest injustice or a miscarriage of justice, but making a finding of manifest injustice or a miscarriage of justice seems tantamount to review.

█ The Supreme Court suggested in *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995), that it intended for the enigmatic rule to mean that we should first examine whether the claim of plain error is one that, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. Only then should

we review the claim to determine whether manifest injustice or a miscarriage of justice actually occurred. If we find that that claim of plain error does not facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has occurred, we should decline to exercise our discretion to review a claim of error under Rule 30.20. *Id.* "The rule makes it clear that not all prejudicial error—that is, reversible error—can be deemed plain error." *State v. Dowell,* 25 S.W.3d 594, 606 (Mo.App.2000). "Plain error" is evident, obvious and clear error. *State v. Bailey,* 839 S.W.2d 657, 661 (Mo.App.1992).

█ The state concedes that omitting the definition of "knowingly" from the instruction was error. Indeed, "[w]hen an MAI–CR . . . is applicable and is not given in accordance with the Notes on Use, it shall constitute error and its prejudicial effect is to be judicially determined."*State v. Richardson,* 923 S.W.2d 301, 318 (Mo. banc), *cert. denied,* 519 U.S. 972, 117 S.Ct. 403, 136 L.Ed.2d 317 (1996); Rule 28.02(f). Facially, Bozarth's claim establishes substantial grounds for our believing that he has been a victim of manifest injustice or miscarriage of justice because, without the definition, the jury could have held the state to a lesser burden of proof than required by law. Omission of the definition was evident, obvious and clear error and, therefore, constituted plain error.

█ Because the error was plain and because we discern substantial grounds for believing that manifest injustice or a miscarriage of justice occurred, we exercise our discretion to review the plain error to determine whether it, in fact, resulted in manifest injustice or a miscarriage of justice. For instructional error to be reversible error under plain error review, "the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice."

*State v. Cline,* 808 S.W.2d 822, 824 (Mo. banc 1991).

■ In this case, we are not convinced that the instructional error affected the jury's verdict or resulted in manifest injustice or miscarriage of justice. In a case similar to this case, *State v. Matheson,* 919 S.W.2d 553, 558 (Mo.App.1996),[1] the defendant claimed that the circuit court committed error because the submitted verdict director for the Class A misdemeanor of third-degree assault did not define "recklessly" as required by the pattern instruction. This court held that, while it was erroneous not to define the word "recklessly," the error was not prejudicial because "recklessly" was used in its ordinary and commonly understood meaning and could not have been misunderstood by the jury. *Id.* at 559.

The same is true in this case. The instruction used "knowingly" in its commonly understood sense and was adequately understood by the jury. The common definition of "knowingly" is "in a knowing manner . . .: with awareness, deliberateness, or intention." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 1252 (1971). This definition is consistent with the definition set forth in MAI–CR3d 333.00.

Bozarth contends that his defense hinged on his mental state when he broke out his cell door window and walked out of his cell. Defense counsel argued to the jury that Bozarth had a "temper tantrum" and wanted to be moved from his cell, that he was attempting to move to a different cell, and that he did not damage the locked door, which he had to go through to leave the jail entirely. Bozarth asserts that the definition of "knowingly" was essential to his defense, and that, without the definition, the jury could have held the state to a lesser burden of proof. Bozarth's contention is without merit.

In addition to finding that Bozarth "broke out a window from his jail cell and otherwise removed himself from his jail cell, and thereby knowingly attempted to escape from confinement," the jury also had to find that Bozarth "did so for the purpose of escaping[.]" "When acting knowingly suffices to establish a culpable mental state, it is also established if a person acts purposely." Section 562.021.4, RSMo 2000. The jury could not logically find that Bozarth was purposely trying to escape without concluding that Bozarth knowingly attempted to escape by kicking out the cell door window and removing himself from his cell.

Omission of the definition from the jury instruction did not result in manifest injustice or miscarriage of justice. We affirm the circuit court's judgment.

ROBERT G. ULRICH, Judge, and RONALD R. HOLLIGER, Judge, concur.

---

1. *But see State v. Ludwig,* 18 S.W.3d 139, 142–43 (Mo.App.2000) (omission of definition of "recklessly" from verdict directing instruction for involuntary manslaughter was plain error and resulted in manifest injustice).