**STATE of Missouri, Respondent,**

v.

**Randy L. SCHNEIDER, Appellant.**

**No. WD 60019.**

Missouri Court of Appeals, Western District.

June 25, 2002.

Kenneth C. Hensley, Raymore, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John Munson Morris, Karen L. Kramer, Office of the Attorney General, Jefferson City, for respondent.

Before PAUL M. SPINDEN, Chief Judge, HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge.

PER CURIAM.

Randy L. Schneider appeals the circuit court's judgment convicting him of driving while intoxicated, third offense. He avers that the circuit court erred in overruling his objection to evidence of the arresting officer's horizontal gaze nystagmus test and results. We affirm the circuit court's judgment.

The state asserts that we should dismiss Schneider's appeal because his point relied on does not comply with Rule 84.04.[1] Rule 84.04(d)(1) instructs that the appellant's brief must contain points relied on that "(A) identify the trial court ruling or action that the appellant challenges; (B) state

1. Rule 84.04 applies to civil and criminal cases. *See* Rule 30.06(c).

concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The rule further instructs:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]." [2]

Rule 84.04(d)(1). Moreover, "[a]bstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4).

Schneider's point relied on does not comply with Rule 84.04(d)(1). His point relied on says, "The trial court erred in overruling appellant's objection to the horizontal gaze nystagmus evidence at trial because the State failed to establish a sufficient evidentiary foundation for the admission of the horizontal gaze nystagmus test and results."

This point relied on identifies the circuit court's ruling, the overruling of Schneider's objection to the horizontal gaze nystagmus evidence, and concisely provides the legal reason for Schneider's claim of reversible error. The point relied on, however, fails to explain the "in that" portion—that is, why the legal reason supports his claim of reversible error.

■ " 'Insufficient points relied on preserve nothing for this court to review.' " *Hall v. Missouri Board of Probation and Parole,* 10 S.W.3d 540, 544 (Mo.App.1999) (quoting *Green v. Douglas,* 977 S.W.2d 32, 33 (Mo.App.1998)). Because, however, we can discern Schneider's contention from the argument portion of his brief, we exercise our discretion to review his claim

rather than dismiss his appeal. *Great Southern Savings and Loan Association v. Wilburn,* 887 S.W.2d 581, 583 (Mo. banc 1994). We review his allegation of error, however, for plain error only. *Id.*

■ Rule 30.20 grants us authority to consider "plain errors affecting substantial rights ... when [we find] that manifest injustice or miscarriage of justice has resulted" from the plain error. "The rule presents a conundrum. It grants us authority to review plain error only if we find manifest injustice or a miscarriage of justice, but making a finding of manifest injustice or a miscarriage of justice seems tantamount to review." *State v. Bozarth,* 51 S.W.3d 179, 181 (Mo.App.2001).

■ The Supreme Court suggested in *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc), *cert. denied,* 516 U.S. 1031, 116 S.Ct. 679, 133 L.Ed.2d 527 (1995), that it intended for Rule 30.20 to mean that we should first examine whether the claim of plain error is one that, on its face, establishes substantial grounds for believing that manifest injustice or miscarriage of justice has occurred. "Only then should we review the claim to determine whether manifest injustice or a miscarriage of justice actually occurred." *Bozarth,* 51 S.W.3d at 181. If we find that the claim of plain error does not facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has occurred, we should decline to exercise our discretion to review a claim of error under Rule 30.20. *Brown,* 902 S.W.2d at 284. "The rule makes it clear that not all prejudicial error—that is, reversible error—can be deemed plain error." *State v. Dowell,* 25 S.W.3d 594, 606 (Mo.App.2000). Plain error is evident, obvious and clear error.

---

**2.** The emphasis appeared in the original.

*State v. Bailey,* 839 S.W.2d 657, 661 (Mo. App.1992).

We do not discern from the face of this record evident, obvious and clear error. Schneider contends that the state failed to produce evidence that the arresting officer had sufficient training in administering the horizontal gaze nystagmus test and that the state failed to establish that the test was administered according to the required procedures. Nothing in the record suggests that the arresting officer may not have had sufficient training or that he did not follow the required procedures in administering the test; therefore, we decline to review the matter under Rule 30.20.

We affirm the circuit court's judgment.