**STATE of Missouri, Respondent,**

v.

**Jamey L. RICHARDS, Appellant.**

**No. WD 70019.**

Missouri Court of Appeals,
Western District.

Dec. 29, 2009.

**280**

Rosalynn Koch, Columbia, MO, for appellant.

Shaun J. Mackelprang and John W. Grantham, Jefferson City, MO, for respondent.

Before Division Four: THOMAS H. NEWTON, Chief Judge, LISA WHITE HARDWICK, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Jamey Richards appeals his conviction for attempted stealing under section 564.011, RSMo 2000, following a jury trial. Richards contends that the trial court erred in failing to include the legal definition of the word "deprive" in the verdict director for attempted stealing, as that legal definition is an essential element to be found by the jury in the verdict director for the completed offense of stealing without consent. Because we conclude that the trial court committed prejudicial error in failing to instruct the jury on the legal definition of "deprive," the judgment of the trial court is reversed and the cause is remanded for a new trial.

## Factual and Procedural History

On appeal from a criminal conviction, "[t]his [c]ourt reviews the facts in the light most favorable to the verdict." *State v. Storey*, 901 S.W.2d 886, 891 (Mo. banc 1995). In the early morning hours of September 15, 2007, Stephen Varner was hosting friends at his apartment in Columbia. Varner's friends saw Richards walking Varner's motorcycle down the driveway and alerted Varner. Varner shouted at Richards. Richards responded by claiming the motorcycle was his. The police were called. When the police responded, they observed Richards standing off by himself. Richards appeared intoxicated. The police officer interviewed witnesses and then spoke with Richards. Richards denied touching or seeing the motorcycle. Richards was arrested and charged with the class D felony of attempted stealing in violation of section 564.011.

Richards thereafter visited Varner to apologize. Richards told Varner he had been out drinking and had never done anything like this before. Richards offered to pay for any damage to the motorcycle. Richards told Varner that he had been charged with a felony. Richards wanted to know if there was anything he could do to resolve the situation.

On May 30, 2008, a jury trial was held. At trial, Richards testified that he had been drinking at the Heidelberg Restaurant and left at about 2:15 a.m. to walk home. On the way he saw Varner's motorcycle. He decided as a prank to move the motorcycle to the gas station across the street. Richards thought it would be humorous to leave the motorcycle at an ATM at that location. Richards testified he could not recall other events of the evening and that he did not recall telling anyone that the motorcycle was his.

The trial court held an instruction conference. The State tendered Instruction Number 6, a verdict director patterned after MAI–CR 3d 304.06. Richards objected that Instruction Number 6 included "no language regarding permanently depriving or anything of that sort, anything that is copied from MAI 324.02.1."[1] The trial court replied that it chose "to define stealing as it is defined in 333,[2] which is the way it is defined in the Instruction 6." Instruction Number 6 was read to the jury.

The jury found Richards guilty. The trial court sentenced Richards to fourteen days imprisonment. Thereafter, Richards filed a motion for new trial, which raised the trial court's claimed error in failing to include the legal definition of the word "deprive" in the verdict director. The motion was denied. This appeal followed.

### Standard of Review

 "This [c]ourt reviews *de novo*, as a question of law, whether a jury was properly instructed." *Harvey v. Washington*, 95 S.W.3d 93, 97 (Mo. banc 2003); *See also, Kopp v. Home Furnishing Ctr., LLC*, 210 S.W.3d 319, 328 (Mo.App. W.D.2006). "A faulty instruction is grounds for reversal if the defendant has been prejudiced." *State v. Carson*, 941 S.W.2d 518, 523 (Mo. banc 1997) (citing *State v. Betts*, 646 S.W.2d 94, 99 (Mo. banc 1983)). "If the giving of [an] instruction is error, it will be held harmless only when the court can declare its belief that it was harmless beyond a reasonable doubt." *State v. Erwin*, 848 S.W.2d 476, 483 (Mo. banc 1993) (citing *Rose v. Clark*, 478 U.S. 570, 583, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)). " 'In order to preserve claims of instructional error for review, counsel is required to make specific objections to the instruction at tri-al and again raise the error in the motion for new trial.' " *State v. Martin*, 211 S.W.3d 648, 652 (Mo.App. W.D.2007) (quoting *Hatch v. V.P. Fair Found., Inc.*, 990 S.W.2d 126, 140 (Mo.App. E.D.1999), citing Mo. R. Civ. P. 70.03). Richards adequately preserved his claim of instructional error pursuant to this standard. Thus, we need not resort in this case to the more stringent standard of plain error review.

### Analysis

Richards raises a single point on appeal. Richards contends that the trial court erred in failing to incorporate in the verdict director for attempted stealing the legal definition of the word "deprive," which requires intent to permanently deprive. As a result, Richards contends the verdict director failed to require the jury to find an essential element of the offense of attempted stealing, permitting conviction even if the jury believed Richards's testimony that his conduct was a prank, intended only to temporarily deprive Varner of the motorcycle. Richards argues he was thus denied the fundamental right to a fair trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and by article I, sections 10 and 18(a) of the Missouri Constitution. We agree.

Richards was convicted of the class D felony of attempted stealing pursuant to section 564.011. "A person is guilty of attempt to commit an offense when with the purpose of committing the offense, he does any act which is a substantial step towards the commission of offense." Section 564.011; *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. banc 1999).

---

**1.** MAI–CR 3d 324.02.1 is the pattern verdict director for stealing without consent.

**2.** Referring to MAI–CR 3d 333.00 Definitions–General Form.

The trial court submitted the case to the jury with Instruction Number 6, tendered by the State, and patterned after MAI–CR 3d 304.06, the verdict director for attempt. The verdict director read:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about September 15, 2007, in the County of Boone, State of Missouri, the

defendant without the consent of Stephen Varner, removed a motorcycle, a motor vehicle, from the residence where it was parked, and

Second, that such conduct was a substantial step toward the commission of the offense of

stealing a motor vehicle, a motorcycle, and

Third, that defendant engaged in such conduct for the purpose of committing such stealing, then you will find the defendant guilty of an attempt to commit stealing.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of stealing when he or she *appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.*

As used in this instruction, the term "substantial step" means conduct that is strongly corroborative of the firmness of the defendant's purpose to complete the commission of the offense of stealing.

(Emphasis added.)

The emphasized phrase in the verdict director replaced bracketed instructions which provide: "[*Insert definition of crime including all elements thereof* ]."

MAI–CR 3d 304.06 (emphasis added). The trial court inserted in the place of the bracketed instructions the definition of the completed offense of stealing without consent found in MAI–CR 3d 333.00, and drawn verbatim from Section 570.030.1, RSMo Cum.Supp.2008.

The trial court thus inserted the correct definition of stealing without consent into Instruction Number 6. The question, however, is whether this definition, without more, fully satisfied the obligation to "*insert the definition of the crime including all elements thereof.*" MAI–CR 3d 324.06 (emphasis added). To answer this question we examine MAI–CR 3d 324.02.01, the pattern verdict director for the completed offense of stealing without consent.

The pattern verdict director for stealing without consent reads, in pertinent part, as follows:

First, that (on) (on or about) [*date* ], in the (City) (County) of _____, State of Missouri, the defendant (took) (obtained) (used) (retained possession of) (transferred) (concealed) [*Describe property or services.*], (property) (services) (owned by) (in the possession of) (in the charge of) (operated by) (provided by) [*name of victim* ], and

Second, that defendant did so without the consent of [*name of victim* ], and

**Third, that defendant did so for the purpose of [*Insert one of the following. Omit brackets and number.]***

*[1] (withholding it from the owner permanently) (,)(or) (using or disposing of it in such a way that made recovery by the owner unlikely,)*

*[2] restoring it only upon payment of reward or other thing of value,*

*[3] depriving the owner of such services,*

. . . .

then you will find the defendant guilty (under Count ——) of stealing (under this instruction). . . .

MAI–CR 3d 324.02.1 (emphasis added).

Notably, MAI–CR 3d 324.02.1 does not incorporate verbatim the definition of "stealing" found in MAI–CR 3d 333.00 and taken from section 570.030.1. This definition of "stealing" requires a defendant to have the requisite intent of a "purpose to deprive." Section 570.030.1; MAI–CR 3d 333.00. The legal definition of "deprive" found in section 570.010(8), RSMo Cum. Supp.2008, reads:

(8) **"Deprive"** means:

(a) To withhold property from the owner permanently; or

(b) To restore property only upon payment of reward or other compensation; or

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely.

Section 570.030.1 and section 570.010(8) combine to require proof that a defendant had the intent to permanently deprive an owner of property. *Martin*, 211 S.W.3d at 651–52.

Options [1] and [2] of paragraph Third of MAI–CR 3d 324.02.1 are taken directly from the legal definition of "deprive."[3] Section 570.010(8)(a) and (c) combine to comprise the two options described in paragraph Third, subsection [1] of MAI–CR 3d 324.02.1. Section 570.010(8)(b) is the option described in paragraph Third, subsection [2] of MAI–CR 3d 324.02.01. Thus, when the offense of stealing of property without consent is submitted pursuant to MAI–CR 3d 324.02.1, the essential element of the defendant's mental state is set

forth not by bare reference to the phrase "purpose to deprive" drawn from the definition of stealing found in section 570.030.1. Instead, the essential element of the defendant's mental state is set forth by inclusion in paragraph Third of the verdict director of one of the specific ways "deprive" is legally defined.

In contrast, though Instruction Number 6 defined stealing, the trial court did not incorporate the legal definition of "deprive," even though the legal definition of "deprive" is set out as an essential element in the verdict director for the completed offense of stealing without consent. MAI–CR 3d 304.06, Notes on Use 4 addresses inclusion of reference to the object crime and requires that "mandatory definitions that *appear in the verdict directing form* [for the object crime] or in Notes on Use must be inserted in the definition in subsequent paragraphs." (Emphasis added.) The State argues that strictly speaking, the word "deprive" is not a mandatory definition required by the verdict director for stealing. Though technically true, that is only because the legal definition of "deprive" already mandatorily *appears in the verdict directing form* for stealing as an essential element of the offense. We find, therefore, that MAI–CR 3d 304.06, Notes on Use 4 requires a mandatory definition that appears in a verdict directing form for the object crime, whether set out separately or incorporated as an essential element, to be included in the verdict directing form for attempt to commit the object crime. Thus, the legal definition of "deprive" must be included in the verdict director for attempted stealing in order to comport with the bracketed instruction to "[insert definition of crime *including all elements*

---

**3.** Paragraph Third, options [1] and [2] of MAI–CR 3d 324.02.1 relate to the stealing of property. Paragraph Third, option [3] of

MAI–CR 324.02.1 relates to the stealing of services and is thus not applicable to this case.

*thereof.*]" MAI–CR 3d 304.06 (emphasis added).

This conclusion is consistent with MAI–CR 3d 333.00, Notes on Use 2(D), which requires that "[i]f the Notes on Use to the verdict directing instruction applicable to the crime being defined require that a term be defined, then the term must be defined and *included in the definition of the crime.*" (Emphasis added.)[4] This conclusion is also consistent with the verdict director for attempt which would have been submitted had Richards been charged with both stealing and attempted stealing. MAI–CR 3d 304.06 states that in such a case, the first paragraph of the verdict director for attempt must provide:

(If you do not find the defendant guilty (under Count _____)

of [*name of offense*], you must consider whether he is guilty

of an attempt to commit [*name of offense*].)

MAI–CR 3d 304.06, Notes on Use 3 provides "[i]f both the completed offense and the attempt crime are submitted, *all essential elements of the crime that was the object of the attempt will have been set out in the instruction on the completed crime. In such case the object crime need not be defined in the paragraph provided in this instruction . . . .* " (Emphasis added.) This suggests in the converse that when the object crime of stealing does need to be defined because a defendant has been charged only with attempt, then the definition of the object crime of stealing must include all essential elements of the object crime, including in this case, the legal definition of "deprive."

■ We conclude that the trial court committed error when it failed to incorporate the legal definition of "deprive" into the definition of stealing inserted in the verdict director, Instruction Number 6.

■ Our inquiry does not end here, however, as the trial court's error is not reversible unless Richards was prejudiced. *State v. Richardson,* 923 S.W.2d 301, 318 (Mo. banc 1996) ("[w]hen an MAI–CR . . . is applicable and is not given in accordance with the Notes on Use, it shall constitute error and its prejudicial effect is to be judicially determined."); Mo. R.Crim. P. 28.02(f). The State argues that Richards was not prejudiced by the trial court's error in failing to define the word "deprive" in Instruction Number 6. The State contends that if a word is used in an instruction in its ordinary, common sense way, there can be no confusion of the jury, and thus no prejudice, even in the face of error for failure to define the term as required by a pattern instruction. *State v. Bozarth,* 51 S.W.3d 179 (Mo.App. W.D. 2001); *State v. Matheson,* 919 S.W.2d 553 (Mo.App. W.D.1996).

In *Bozarth,* the trial court failed to define "knowingly" in the verdict director for attempted escape from confinement though required to do so by MAI–CR 3d 329.74.2, Notes on Use 6(A). *Bozarth,* 51 S.W.3d at 180–81. In *Matheson,* the trial court failed to define "recklessly" in the verdict director for third-degree assault though required to do so by MAI–CR 3d

---

4. Even if we could conclude that the trial court submitted a verdict director compliant with the requirements of MAI–CR 3d 304.06, Notes on Use 4, we would nonetheless be bound to conclude that Instruction 6 was erroneous. The substantive law controls in the event of a conflict with MAI. *Carson,* 941 S.W.2d at 520. A defendant cannot be guilty of attempt unless the defendant possesses the same mental state required to complete the object offense. *Withrow,* 8 S.W.3d at 78. We conclude, therefore, that even if MAI–CR 3d 304.06 did not expressly so require, the substantive law requires that the legal definition of "deprive" be incorporated into the verdict director for attempted stealing of property.

319.16, Notes on Use 7. *Matheson*, 919 S.W.2d at 558. In both cases, this court held the failure to define a required term, while erroneous, was not prejudicially so because the undefined term was used in its ordinary and commonly understood meaning and would not have been misunderstood by the jury. *Bozarth*, 51 S.W.3d at 182; *Matheson*, 919 S.W.2d at 559.

The State compares the instant case to *Matheson* and *Bozarth*. The State posits that the ordinary, common sense meaning of "deprive" is "to take something away" or "to withhold something." However, the State concedes that the ordinary, common sense meaning of "deprive" includes within its scope intent to temporarily deprive and is thus broader than section 570.010(8), which legally defines "deprive" to require intent to permanently deprive. Notwithstanding, the State contends that though the statutory definition of "deprive" somewhat qualifies the ordinary sense of the word, that is not enough to render failure to define "deprive" prejudicial as the difference is only "slight" and not apt to confuse the jury. We disagree.

■ The central contested issue presented to the jury in Richards's defense was whether Richards intended to permanently deprive Varner of the motorcycle. Intent to temporarily deprive an owner of property is insufficient to support a conviction for stealing without consent, and correspondingly a conviction for attempted stealing. *Martin*, 211 S.W.3d at 651–52. We do not believe, therefore, that the difference between the common definition of "deprive" and the legal definition of "deprive" is slight. Nor do we believe that the jury was unlikely to be confused by the trial court's failure to provide them with the legal definition of "deprive." Use of the undefined term "deprive" in the definition of the object crime of stealing permitted the jury to convict Richards of attempted stealing even if it believed Richards's testimony that his conduct was meant to temporarily deprive Varner of his motorcycle. In other words, the jury was permitted to ascribe a meaning to the word "deprive" that relieved the State of the burden to prove all essential elements of the offense of attempted stealing, including whether Richards acted with the requisite mental state. *Erwin*, 848 S.W.2d at 483 ("[I]nstruction relating to specific evidence which may be read to relieve the state of its burden of proof as to defendant's mental state ... requires the court to grant relief").[5]

This case is thus easily distinguishable from *Bozarth* and *Matheson*. In those cases, the essential elements of the subject offenses were submitted, but a required definition was lacking from the verdict director. Because the common use of the undefined terms was so close to the required MAI–CR definitions, and because the evidence in each case supported the conclusion that the jury could not likely be confused by the absence of the required definition, this court found no prejudicial error. *Bozarth*, 51 S.W.3d at 182; *Matheson*, 919 S.W.2d at 558–59. In addition, in both *Bozarth* and *Matheson* this court was required to apply the more stringent standard of plain error review, as the defendants failed to adequately preserve their claims of instructional error. *Bozarth*, 51 S.W.3d at 181; *Matheson*, 919 S.W.2d at

---

**5.** The State also contends that error in failing to define a term that comprises an essential element can only be prejudicial if the State compounds the error in closing argument by suggesting it is permissible to convict using a standard that is broader than the defined term would have permitted. We do not agree that the State must take affirmative advantage of the potential confusion created by the failure to define an essential term before we can find the error to be prejudicial.

558. Under plain error review, "'not all prejudicial error—that is, reversible error—can be deemed plain error.'" *Bozarth*, 51 S.W.3d at 181 (quoting *State v. Dowell*, 25 S.W.3d 594, 606 (Mo.App. W.D. 2000)). In fact, "[i]nstructional error is rarely plain error." *State v. Shockley*, 98 S.W.3d 885, 891 (Mo.App. S.D.2003). In contrast, this case involves an undefined term that was an essential element of the offense, a legal definition for the undefined term which materially varies from the term's ordinary, common sense meaning, and a defendant who adequately preserved his claim of instructional error as to avoid resort to plain error review.

The instant case is comparable to the circumstances presented in *State v. Farris*, 125 S.W.3d 382 (Mo.App. W.D.2004). In *Farris*, the defendant was charged with attempt to manufacture methamphetamine. *Id.* at 391. The only substantial step toward commission of the object offense of manufacturing methamphetamine alleged was the defendant's possession of items used in the manufacture of methamphetamine. *Id.* The type of possession necessary to support a conviction must be voluntary, which requires "'the possessor knowingly procures or receives the thing possessed, or having acquired control of it was aware of his control for a sufficient time to have enabled him to dispose of it or terminate his control.'" *Id.* at 392 (quoting section 562.011.3, RSMo 2000). This court concluded, therefore, that "possession" as legally defined is an essential element of the charged offense. *Id.* As

such, "the failure to include a definition of possession, which would have required the jury to find the facts necessary to constitute the essential substantial step element, was prejudicial error." *Id.* at 393. *See also, State v. Jones*, 865 S.W.2d 658, 662 (Mo. banc 1993) (failure to define possession in a verdict director for unlawful possession of a concealable firearm, where possession is an essential element of the offense charged, is prejudicial error).

Similarly, the only substantial step toward commission of the object offense of stealing without consent alleged against Richards was that he transported Varner's motorcycle down Varner's driveway in an effort to deprive Varner of the motorcycle. The State was required to prove, as an essential element of the completed offense of stealing, that Richards's intent was to permanently deprive Varner of the motorcycle. Thus, the trial court's failure to include the legal definition of "deprive" in the verdict director, which would have required the jury to find the facts necessary to constitute the essential substantial step element, was prejudicial error. That is particularly true where, as here, the intent to permanently deprive "was not only an essential element of the crime charged, but it was a *contested* essential element."[6] *Farris*, 125 S.W.3d at 393. As a result, Richards was denied the fundamental right to a fair trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and by article I, sections 10 and 18(a) of the Missouri Constitution.

**6.** We acknowledge evidence was presented to the jury which contradicted Richards's trial testimony that his conduct was meant only as a prank, including Richards's statement to Varner at the time he was caught to the effect that the motorcycle was his. However, contradictory evidence on the issue of defendant's required mental state does not cure the trial court's failure to instruct as to the essential element of the defendant's mental state. All that is pertinent to our determination is that the verdict director permitted the jury to convict Richards whether or not it believed his trial testimony, thus relieving the State of its burden to prove the mental state required to be shown as an essential element of the offense of attempted stealing.

## Conclusion

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

All concur.