

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
            )
    Plaintiff-Respondent, )
            )
v. )     No. SD38531
            )
GREGORY LEON CRUMM, )     **Filed: July 22, 2025**
            )
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

#### Honorable Jerry A. Harmison, Jr.

### <u>AFFIRMED</u>

Gregory Leon Crumm ("Defendant") appeals his convictions of first-degree rape via forcible compulsion ("Count 1" – a violation of section 566.030) and first-degree statutory rape by having sexual intercourse with a person less than fourteen years of age ("Count 2" – a violation of section 566.032).[1] Defendant's two convictions were based upon one act of sexual intercourse with a child less than fourteen years old ("Victim").

---

[1] Defendant waived his right to a trial by jury and was convicted after a bench trial. Defendant was convicted of three additional offenses, but Defendant does not challenge those convictions. Unless otherwise indicated, all statutory references are to RSMo 2016, as supplemented through the date of Defendant's criminal conduct.

1

Defendant's sole point on appeal claims the judgment violated his constitutional right to be free from double jeopardy.[2]  Finding no merit in that claim, we affirm.

## Governing Law & Standard of Review

> The protection against double jeopardy is found in the Fifth Amendment to the United States Constitution, applied to the states by the Fourteenth Amendment, and prevents criminal defendants from being subject to multiple punishments for the same offense.  *State v. Thompson*, 361 S.W.3d 46, 50 (Mo. App. W.D. 2011).  This protection is intended to confine the sentencing discretion of the courts to the limits established by the legislature.  *Id.*  The relevant determination in a double jeopardy analysis is whether the legislature intended cumulative punishments.  *Id.*

*Treta v. State*, 559 S.W.3d 406, 410 (Mo. App. W.D. 2018).

"Rule 30.20 is the exclusive means by which an appellant can seek review of any unpreserved claim of error and said claim–no matter if it is statutory, constitutional, structural, or of some other origin–is evaluated by this Court's plain error framework without exception."  *State v. Brandolese*, 601 S.W.3d 519, 530 (Mo. banc 2020) (emphasis omitted).

> Plain error review includes two steps.  The first step involves an examination to determine whether "plain error" has, in fact, occurred, or in other words, whether the claim for review "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted.'"  *State v. Scurlock*, 998 S.W.2d 578, 586 (Mo. App. W.D. 1999) (quoting *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995)).  Plain errors are those which are "evident, obvious, and clear[.]"  *Id.* (quoting *State v. Bailey*, 839 S.W.2d 657, 661 (Mo. App. W.D. 1992)). . . .  "The defendant bears the burden of showing that an alleged error has produced such a manifest injustice."  *State v. Isa*, 850 S.W.2d 876, 884 (Mo. banc 1993).

*State v. Putfark*, 651 S.W.3d 869, 880 (Mo. App. W.D. 2022).

---

[2] Because Defendant did not present this argument to the circuit court, Defendant requests plain-error review under Rule 30.20.  All rule references are to Missouri Court Rules (2025).

**Analysis**

Defendant's point claims

> [t]he trial court plainly erred in entering sentence and judgment for both rape by forcible compulsion, section 566.030, on Count [1] and first-degree statutory rape, section 566.032, on Count [2] on evidence of the same conduct because this violated [Defendant]'s rights to be free from double jeopardy and to due process of law . . . , in that where first-degree statutory rape is a general sexual offense and rape by forcible compulsion is a specific form of sexual offense with a heightened *mens rea*, [Defendant] was subjected to multiple punishments for the same offense upon conviction for [c]ounts [1] and [2].

We disagree.

Count 1 charged Defendant with committing first-degree rape by forcible compulsion in that he "knowingly had sexual intercourse with [Victim] by the use of forcible compulsion." The age of the victim is not an element of that crime. Count 2 charged that the sexual intercourse also constituted first-degree statutory rape in that Defendant "had sexual intercourse with [Victim], a child less than fourteen years old[,]" a crime that does not require forcible compulsion.

Under our current law, a person commits the crime of rape in the first degree if "he or she has sexual intercourse with another person who is incapacitated, incapable of consent, or lacks the capacity to consent, or by the use of forcible compulsion." Section 566.030.1. Forcible compulsion means "[p]hysical force that overcomes reasonable resistance; or . . . [a] threat, express or implied, that places a person in reasonable fear of death, serious physical injury or kidnapping[.]" Section 556.061(27), RSMo Cum. Supp. 2020. A person commits the crime of first-degree statutory rape if "he or she has sexual intercourse with another person who is less than fourteen years of age." Section 566.032.1.

3

The other districts of our court have already rejected the argument that Defendant raises here -- that a defendant's conviction and punishment for first-degree rape by both forcible compulsion and statutory rape for a single act of intercourse constitutes double jeopardy -- and we do likewise. *See Treta*, 559 S.W.3d at 412-13 (holding that a defendant's conviction for statutory rape and forcible rape based on a single act did not violate his constitutional double jeopardy rights), and ***State v. Walker***, 352 S.W.3d 385, 391-92 (Mo. App. E.D. 2011) (holding that the legislature intended multiple punishments for forcible rape and statutory rape for a single act of sexual intercourse because the statutes criminalizing those offenses serve distinct purposes).

While *Walker* and *Treta* were decided under different versions of the statutes at issue, and the legislature has amended those statutes since those cases were decided, none of the intervening changes affect our analysis.[3] Rape in the first degree may still be committed by forcible compulsion, and young age alone remains the essential element in statutory rape. Accordingly, no facial showing of manifest injustice appears.

We decline plain-error review and affirm the judgment of the circuit court.


DON E. BURRELL, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS

---

[3] After *Walker* and *Treta* were decided, the legislature added additional means by which a person may commit first-degree rape. Those additions were having sexual intercourse with a person who is incapacitated, incapable of consent, or lacks the capacity to consent. *Compare* section 566.030.1, RSMo 2016 (as supplemented through January 1, 2017), *with* section 566.030.1, RSMo Cum. Supp. 2013. None of those additional means of committing first-degree rape are at issue in this appeal. Therefore, we need not speculate about whether a conviction based upon one of the three additional methods of committing first-degree rape and first-degree statutory rape would constitute double jeopardy.