### STATE of Missouri, Respondent,

v.

### David P. BROWN, Appellant.

### No. WD 60799.

Missouri Court of Appeals,
Western District,
Division One.

Dec. 10, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 2003.

Application for Transfer Denied
March 4, 2003.

Craig A. Johnston, Assistant State Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ROBERT G. ULRICH, P.J., HAROLD L. LOWENSTEIN and RONALD R. HOLLIGER, JJ.

ROBERT G. ULRICH, Judge.

**Factual and Procedural Background**

David P. Brown ("Mr. Brown") appeals his conviction following jury trial for statutory sodomy in the first degree, section 566.062, RSMo 2000, and sentence of forty-five years imprisonment. As his sole point on appeal, Mr. Brown contends that the trial court plainly erred in sentencing him as a persistent sexual offender. § 558.018, RSMo 2000. He asserts three grounds for his claim: (1) that the State failed to prove that his foreign conviction in North Dakota qualifies as a prior conviction under section 558.018, RSMo 2000, specifically that the acts comprising his 1977 North Dakota conviction for attempted gross sexual im-

position did not constitute statutory sodomy in the first degree in Missouri in 1977; (2) that the information used by the State to prove his prior conviction charged him with engaging in a "sexual act" with a person under the age of fifteen and that this charge was too broad to qualify as one of the crimes listed under section 558.018, RSMo 2000; and (3) that the evidence that the State used to prove his prior conviction was lacking because it failed to provide a factual basis for his guilty plea, namely the amended information and the guilty plea transcript were not used as evidence.

Mr. Brown worked as a maintenance man for Brentwood Manor Apartments located in Platte County, Missouri, in November 2000. On November 18, 2000, a seven year old girl named T.G. went to Mr. Brown's apartment to play with his sons. Shortly thereafter, Mr. Brown and T.G. left the apartment together to visit one of the other apartments that had burned down. On the way to the burned down apartment, Mr. Brown and T.G. stopped at the apartment complex office to retrieve the apartment's keys. Mr. Brown took T.G. to the maintenance workroom where he pulled her pants and underwear down to her ankles and began touching her vagina with his hand. He also touched T.G.'s buttocks. Then Mr. Brown pulled up T.G.'s shirt and touched her breasts. After that, Mr. Brown prevented T.G. from leaving the office by blocking the doorway. He told T.G. that she was his girlfriend and that she should not tell anyone what had happened.

Mr. Brown and T.G. then returned to Mr. Brown's apartment. Upon their return, T.G. told his sons and the other boys playing there that Mr. Brown touched her. She then went home and told her mother. T.G.'s grandmother called the police. Mr. Brown was arrested the same day. While in custody, Mr. Brown waived his Miranda

rights and gave a statement to the police. In his statement, Mr. Brown admitted that he touched T.G.'s vagina, buttocks, and breasts. He also stated that he was intoxicated at the time of the incident. Thereafter, Mr. Brown was formally charged by an amended information with one count of felony statutory sodomy in the first degree. § 566.062, RSMo 2000.

Mr. Brown was also charged as a prior offender pursuant to section 558.016, RSMo 2000 and as a persistent sexual offender pursuant to section 558.018, RSMo 2000. His prior offense occurred around September 20, 1977, in North Dakota, when he pleaded guilty to the Class C felony of attempted gross sexual imposition for touching the vagina of his eight-year old stepdaughter. Mr. Brown received a suspended imposition of sentence with two years probation on the North Dakota charge. His probation was revoked on February 13, 1978, when he pleaded guilty to sexual assault.

A hearing was conducted on October 5, 2001, to determine Mr. Brown's status as a persistent sexual offender. The State presented evidence establishing that Mr. Brown had pleaded guilty to the felony of attempted gross sexual imposition in North Dakota. To support the conviction, the State introduced an affidavit of the victim describing the crime, an attestation signed by the clerk of the court in North Dakota showing that Mr. Brown had pleaded guilty to the crime and court records depicting Mr. Brown's conviction and sentence. The court found that the acts surrounding Mr. Brown's conviction in North Dakota would constitute the crime of statutory sodomy in the first degree in Missouri, thereby rendering Mr. Brown a persistent sexual offender as defined in section 558.018.2, RSMo 2000. On October 16, 2001, a jury found Mr. Brown guilty of statutory sodomy in the first degree. The

court then sentenced Mr. Brown as a persistent sexual offender to forty-five years imprisonment. Mr. Brown filed a motion for new trial which was overruled. This appeal followed.

**Standard of Review**

To preserve an allegation of error for appellate review in a jury-tried case, the allegation of error must be included in a motion for new trial. *State v. Myszka,* 963 S.W.2d 19, 24 (Mo.App. W.D. 1998) (citation omitted). Failure to include an allegation of error in a motion for new trial limits appellate review to plain error. *Id.* Rule 30.20 provides, in pertinent part,: "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Plain error review involves a two-step process. *State v. Williams,* 9 S.W.3d 3, 12 (Mo.App. W.D.1999). Step one involves examining whether the allegation of error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted.'" *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995). In effect, an appellate court must determine "whether, on the face of the claim, 'plain error' has, in fact, occurred." *State v. Dudley,* 51 S.W.3d 44, 53 (Mo.App. W.D.2001) (quoting *Williams,* 9 S.W.3d at 12). Not all prejudicial error—that is, reversible error—is plain error. *State v. Dowell,* 25 S.W.3d 594, 606 (Mo.App. W.D.2000). Plain error is evident, obvious and clear error. *State v. Bailey,* 839 S.W.2d 657, 661 (Mo.App. W.D.1992). Once plain error is found, step two of the process authorizes the appellate court to "determine whether the claimed error resulted in manifest injustice or a miscarriage of justice." *Id.* Plain error review should be used in moderation and does not justify examining ev-

ery trial error that has not been correctly preserved for appellate review. *State v. Valentine*, 646 S.W.2d 729, 731 (Mo. banc 1983). To prevail on plain error review, an appellant must establish that the error alleged "go[es] beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights." *State v. Kidd*, 75 S.W.3d 804, 811–12 (Mo. App. W.D.2002) (quoting *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989)).

Mr. Brown requests this court to review his claim as plain error if it finds that either his objection at the persistent sexual offender hearing or his claim of error in his motion for new trial was not specific and that he failed to preserve the issue for appellate review. At the persistent sexual offender hearing, Mr. Brown's counsel objected to the State's depiction of Mr. Brown's prior conviction in North Dakota as a qualifying crime sufficient to designate him as a prior sexual offender pursuant to section 558.018, RSMo 2000. The relevant objection follows:

Mr. Brown's Counsel: Your Honor, I don't think we have any argument that if today if [sic] that charge would come in it would be a felony here in the State of Missouri, but in 1977, I don't believe that the contact that they're alleging in the affidavit would have been a felony under the Missouri statutes back in 1977, Your Honor. And we would object to him being designated as a prior offender on that grounds, Your Honor.

\*　　\*　　\*　　\*　　\*　　\*

Mr. Brown's Counsel: It's our contention, Your Honor, that since that judgment is so old, in 1977, before I believe even the prior-persistent statute took place, that to look back and try to now fit that offense into today's law is inappropriate and would be a prejudice against my client, Your Honor.

The basis of defense counsel's objection is that Mr. Brown should not be designated as a persistent sexual offender because the acts comprising Mr. Brown's 1977 conviction did not constitute a felony in the State of Missouri in 1977. Mr. Brown's motion for new trial failed, however, to allege the same error. Paragraph eight of the motion for new trial states:

The Court further erred in finding the defendant to be a prior and persistent sexual offender. By finding the defendant to be a prior and persistent sexual offender, the Court denied the defendant his right to due process, equal protection, and confrontation as guaranteed by the United States Constitution, Amendments V, VI and XIV, as well as the Missouri Constitution, Article I, Sections 10 and 18(a).

Because Mr. Brown's motion for new trial failed to state the grounds for its contention that the trial court erred in finding Mr. Brown to be a prior and persistent sexual offender, the issue was not preserved for appeal. For that reason, this court is limited to reviewing the issue for plain error.

Mr. Brown also failed to preserve for appeal his claim that the acts he committed in his prior conviction do not constitute a "sexual act" as defined by North Dakota statutes. In addition, Mr. Brown claims that the evidence used by the State to prove his prior North Dakota conviction was lacking because it failed to provide the factual basis for his guilty plea to that charge thereby not preserving the issue for appeal. As neither of these claims were raised as objections at trial nor included in Mr. Brown's motion for new trial, they were not preserved for appeal. Mr. Brown concedes that he did not preserve either of these claims for appellate review and asks this court to review these claims for plain error. To determine

whether to grant plain error review, this court must first decide whether Mr. Brown's claims, on their face, demonstrate that plain error occurred. *Williams,* 9 S.W.3d at 12.

## Analysis

■ In his sole point on appeal, Mr. Brown contends the trial court erred in sentencing him as a persistent sexual offender under section 558.018.2, RSMo 2000, because the State failed to establish that his prior foreign conviction [1] for attempted gross sexual imposition qualified as statutory sodomy in the first degree under section 566.062, RSMo 2000. He argues that the acts comprising his prior conviction did not constitute statutory sodomy in the first degree in Missouri in 1977 and, thus, cannot be used to sentence him as a persistent sexual offender.

Section 558.018.1, RSMo 2000 allows a court to enhance the sentence of a defendant that it has found to be a persistent sexual offender. A persistent sexual offender is "one who has previously pleaded guilty to or has been found guilty of the felony of forcible rape, rape, statutory rape in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree or an attempt to commit any of the crimes designated in this subsection." § 558.018.2, RSMo 2000. A foreign conviction may qualify as one of the crimes enumerated under section 558.018, RSMo 2000. *State v. Kelly,* 728 S.W.2d 642, 648 (Mo.App. S.D.1987). The test for determining whether a foreign conviction qualifies is whether the acts constituting the foreign conviction constitute the commission of one of the crimes enumerated in section 558.018.2, RSMo 2000. *State v. Hill,* 839 S.W.2d 605, 608 (Mo.App. W.D.

1992). It is not necessary for the State to prove that the elements of the foreign statute correspond to the elements of the crimes listed in section 558.018, RSMo 2000. *Id.*

At the persistent sexual offender hearing, the trial court found that Mr. Brown's conviction for attempted gross sexual imposition. was the equivalent of statutory sodomy in the first degree in the State of Missouri. The acts comprising Mr. Brown's conviction for attempted sexual imposition involved Mr. Brown touching his stepdaughter's vagina with his hand. In Missouri, statutory sodomy in the first degree occurs when a "person has deviate sexual intercourse with another person who is less than fourteen years old." § 566.062, RSMo 2000. To prove statutory sodomy in the first degree, two elements must be established: (1) deviate sexual intercourse between two persons, (2) one of whom must be less than 14 years old. § 566.062, RSMo 2000. Section 566.010.1, RSMo 2000 defines deviate sexual intercourse as "any act involving the genitals of one person and the hand, mouth, tongue or anus of another person...." Mr. Brown engaged in deviate sexual intercourse with his stepdaughter when he touched her vagina with his hand. The second element of statutory sodomy in the first degree is also satisfied because Mr. Brown's stepdaughter was eight years old at the time of incident.

Mr. Brown admits that the acts underlying his 1977 conviction for attempted gross sexual imposition constitute statutory sodomy in the first degree as it is defined today. He argues that the trial court erred in comparing the acts constituting his 1977 conviction with the acts compris-

1. Mr. Brown's prior conviction was a foreign conviction because it occurred in North Dakota in 1977.

ing statutory sodomy in the first degree outlined in the current Missouri statute. Mr. Brown claims that the definition of statutory sodomy in the first degree in existence in Missouri in 1977 should have been compared to his 1977 North Dakota conviction. He contends that the acts underlying his 1977 conviction were not the same acts constituting statutory sodomy in the first degree as it was defined in Missouri in 1977, and, as such, it was wrong for the trial court to sentence him as a persistent sexual offender.

Mr. Brown's argument that the trial court should have compared his 1977 North Dakota conviction with Missouri law in 1977 misconstrues section 558.018, RSMo 2000. The issue is not whether Mr. Brown's conduct in North Dakota met Missouri's definition of statutory sodomy in the first degree when that crime occurred. Rather, the issue is whether his conduct met Missouri's definition of statutory sodomy in the first degree in 2000, when the crime he was charged with in this case was committed. *State v. Heckenlively*, 83 S.W.3d 560, 570 (Mo.App. W.D. 2002) (holding that the prior crime needs to fit within the definition of the statute at the time that the existing crime is committed). Furthermore, the persistent sexual offender statute does not restrict the definition of qualifying crimes to the year in which the previous conviction occurred. This court is guided by what the Legislature declares and not by what the court might think the Legislature intended to say. *State v. Rellihan*, 662 S.W.2d 535, 545 (Mo.App. W.D.1983). The persistent sexual offender statute, section 558.018, RSMo 2000, is clear and unambiguous in its terms. Because section 558.018 is clear and unambiguous, this court cannot read into it words not found within the statute. *See id.* Moreover, the Legislature's apparent intent in enacting this statute was to assess greater penalties against those

defendants with an established history of such conduct. Thus, this court finds no error, plain or otherwise, in the trial court's sentencing Mr. Brown as a persistent sexual offender on the basis of comparing the acts constituting his prior conviction with the existing statute.

Mr. Brown's alternate contention is that, even if the trial court did not err in comparing his 1977 conviction to the existing elements of statutory sodomy in the first degree, the evidence presented by the State failed to prove that he was a persistent sexual offender. Specifically, Mr. Brown argues that the information used by the State was not detailed enough to support the sentence enhancement because it charged him with engaging in a "sexual act" with a person under the age of fifteen. He claims that the definition of "sexual act" in North Dakota does not include the act of touching the vagina of a person under the age of fifteen. Consequently, Mr. Brown argues that the acts constituting a "sexual act" in North Dakota do not equate the acts constituting statutory sodomy in the first degree in Missouri. He also contends that the North Dakota information by which he was charged is defective because it charges him with gross sexual imposition instead of attempted gross sexual imposition, the crime to which he pleaded guilty. Mr. Brown's final contention regarding the lack of the evidence presented by the State is that the State failed to provide the factual basis for his plea. He claims that the State should have provided copies of the amended information and the guilty plea transcript as evidence of the facts to which he pleaded.

Contrary to Mr. Brown's claim, the State's evidence proved beyond a reasonable doubt that he is a persistent sexual offender. Although it is true that the acts described in the North Dakota information

supplied by the State are too broad to qualify as one of the crimes listed under section 558.018, RSMo 2000, the State presented other evidence of the acts constituting Mr. Brown's prior conviction.[2] In particular, the State presented a sworn affidavit from the victim describing the specific acts comprising the crime. In her affidavit, the victim states that Mr. Brown touched her vagina with his hand when she was eight years old. These acts are the epitome of the acts constituting statutory sodomy in the first degree in Missouri. Mr. Brown argues that the trial court should not have relied on the victim's affidavit because it was written approximately two decades after the crime occurred. Nothing in section 558.018, RSMo 2000, or the case law limits the type of evidence the State may present to prove the prior conviction.

Mr. Brown failed, moreover, to object to the introduction of the victim's affidavit at the persistent sexual offender hearing. At the hearing, the State specifically stated that it was submitting the victim's affidavit as an exhibit to establish that the foreign conviction constituted one of the crimes listed under section 558.018, RSMo 2000. In response to the State's submission of victim's affidavit, Mr. Brown's counsel stated that he had "no objection to the form of those." In addition, Mr. Brown admits in his brief that he has no objection to the form of the evidence presented to prove his prior conviction. This court notes that Mr. Brown does not contend that he did not commit the acts depicted in the victim's affidavit. Had Mr. Brown been opposed to the introduction of the affidavit, he could have objected at the hearing. His failure to do so undermines his claim on appeal. Accordingly, the trial

court did not err, plainly or otherwise, in relying on the victim's affidavit to determine the acts constituting Mr. Brown's prior conviction.

 Not only did the State provide an affidavit from the victim to prove Mr. Brown's prior conviction, it also provided an attestation from the clerk of the court in North Dakota where Mr. Brown was convicted. Section 490.130, RSMo 2000, provides, in pertinent part:

> The records of judicial proceedings of any court of the United States, or of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge, chief justice or presiding associate circuit judge of the court to be attested in due form, shall have such faith and credit given to them in this state as they would have at the place whence the said records come.

The attestation of the clerk presented by the State meets the requirements of section 490.130, RSMo 2000, because it is attested to by the clerk of the court and certified by the judge. "A properly certified copy of a judgment of conviction is admissible evidence of that conviction." *Johnson v. State,* 962 S.W.2d 892, 894 (Mo. App. E.D.1998). "A certified copy of a prior conviction is presumed to be regular and if it is in proper form and substance, it serves as a sufficient basis to support the establishment of a prior conviction." *State v. Middlemas,* 654 S.W.2d 355, 357 (Mo. App. S.D.1983). Hence, the trial court did not err, plain or otherwise, in relying on the clerk's attestation and accompanying court records as evidence of Mr. Brown's prior conviction.

---

**2.** The North Dakota information describes the acts constituting Mr. Brown's charge as "engaging in a sexual act with another or caused another to engage in a sexual act when the victim of said act is less than 15 years old."

Mr. Brown's argument that the trial court erred in relying on the North Dakota information because it charged him with gross sexual imposition instead of attempted gross sexual imposition is moot. Several of the court records introduced by the State indicated that Mr. Brown pleaded guilty to attempted gross sexual imposition. The trial court did not err, plain or otherwise, in finding that Mr. Brown had pleaded guilty to attempted gross sexual imposition.

■ Mr. Brown's final contention on appeal is that the trial court erred in finding him a persistent sexual offender because the State failed to provide a factual basis for his plea in North Dakota. He claims that the State should have used the amended information and the guilty plea transcript as evidence of the facts to which he pleaded guilty. As previously discussed, the record was sufficient for the trial court to determine that the acts constituting Mr. Brown's conviction in North Dakota for attempted gross sexual imposition were the equivalent of the acts constituting the statutory sodomy in the first degree charge. Thus, the trial court did not err, plain or otherwise, in sentencing Mr. Brown as a persistent sexual offender.

### Conclusion

No error, plain or otherwise, resulted from the trial court's sentencing Mr. Brown as a persistent sexual offender such that substantially affected Mr. Brown's rights inexorably resulting in a manifest injustice. Mr. Brown's sole point on appeal is denied.

The judgment of the trial court is affirmed.

All concur.