**STATE of Missouri, Respondent,**

v.

**Tony R. GIBSON, Appellant.**

**No. WD 61455.**

Missouri Court of Appeals,
Western District.

Dec. 30, 2003.

unless otherwise indicated.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

Ruth B. Sanders, Assistant Appellate Defender, Kansas City, MO, for Appellant.

Before BRECKENRIDGE, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Tony R. Gibson appeals from the judgment of his sentence as a persistent offender, § 577.023.3,[1] for his conviction of driving while intoxicated (DWI), § 577.010, following a jury trial in the Circuit Court of Jackson County. He was sentenced as a persistent offender to five years in the Missouri Department of Corrections.

The appellant raises two points on appeal. In Point I, he claims that the trial court plainly erred in sentencing him as a persistent offender, pursuant to § 577.023.3, because in doing so the court failed to comply with the dictates of that statute in that it did not make an express finding that he was a persistent offender. In Point II, he claims that the trial court, in determining the issue of whether he was a persistent offender, as charged under § 577.023.1(2)(a), erred in admitting, over his objection, State's Exhibit 2, reflecting a municipal conviction in 1996 in the Circuit Court of Jackson County, Kansas City Municipal Division, for "physical control of a motor vehicle while under the influence of alcohol" because the exhibit was irrelevant on the issue of whether he was a persistent offender in that after the 1996 amendment of § 577.001.1, defining "driving" for purposes of Chapter 577, the municipal conviction reflected in the exhibit no longer qualified as an "intoxication-related traffic offense" (IRTO), for purposes of § 577.023.1(2)(a), so as to trigger his being sentenced as a persistent offender, in accordance with § 577.023.3.

Reversed and remanded.

## Facts

On July 12, 2001, the appellant was charged in the Circuit Court of Jackson County, by way of an amended informa-

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

tion, with one count of driving while his license was revoked, § 302.321, and one count of DWI, § 577.010. On the DWI count, the appellant was charged as a persistent offender, under § 577.023.1(2)(a). In charging the appellant as a persistent offender, the State alleged that he had been convicted of DWI on April 1, 1996, in the Circuit Court of Jackson County, and on April 17, 1996, in the Circuit Court of Jackson County, Kansas City Municipal Division.

The appellant's case proceeded to a jury trial, which commenced on March 25, 2002. On March 26, 2002, the appellant entered a guilty plea to the driving while revoked count. On that same date, the jury returned a guilty verdict on the DWI count.

Prior to submission, the trial court, outside the presence of the jury, conducted a persistent offender status hearing. At the hearing, the State, to prove up the April 1, 1996, state DWI conviction, offered State's Exhibit 1, to which the appellant did not object. To prove up the April 17, 1996, municipal DWI conviction, the State offered State's Exhibit 2, to which the appellant objected on the basis that the conviction reflected by the exhibit was irrelevant in that it was no longer considered an intoxication-related traffic offense that would trigger sentencing as a persistent offender.

On May 10, 2002, the appellant, in open court, filed a motion for new trial, which the trial court denied. The court then sentenced the appellant to one year in the Missouri Department of Corrections for driving while revoked and five years for DWI, with the sentences ordered to run concurrently.

This appeal followed.

**2.** All rule references are to the Missouri Rules of Criminal Procedure, 2003, unless other-

## I.

In Point I, the appellant claims that the trial court plainly erred in sentencing him as a persistent offender, pursuant to § 577.023.3, because in doing so the court failed to comply with the dictates of that statute in that it did not make an express finding that he was a persistent offender. The appellant concedes that he did not include this claim in his motion for new trial and, therefore, failed to preserve it for our review. *State v. Stephens,* 88 S.W.3d 876, 880 (Mo.App.2002). He, therefore, requests plain error review under Rule 30.20.[2]

Rule 30.20 provides, in pertinent part, that "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or a miscarriage of justice has resulted therefrom." The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review. *State v. Carr,* 50 S.W.3d 848, 853 (Mo.App.2001). In determining whether to exercise its discretion to provide plain error review, the appellate court looks to determine whether on the face of the appellant's claim substantial grounds exist for believing that the trial court committed a "plain" error, which resulted in manifest injustice or a miscarriage of justice. *State v. Dudley,* 51 S.W.3d 44, 53 (Mo.App.2001). "Plain" error for purposes of Rule 30.20 is error that is evident, obvious, and clear. *State v. Hibler,* 21 S.W.3d 87, 96 (Mo.App. 2000).

If the appellate court chooses to exercise its discretion to conduct plain er-

wise indicated.

ror review, the process involves two steps. First, the court must determine whether the trial court committed error, affecting substantial rights, that was evident, obvious, and clear. *Id.* As in the case of our review for "regular" error, not every obvious error found in plain error review mandates reversal. *Carr,* 50 S.W.3d at 853. In the case of review for "regular" error, to be reversible, the found error must have prejudiced the appellant. *State v. Taylor,* 67 S.W.3d 713, 715 (Mo.App.2002). Likewise, in the case of review for plain error, the found error must have prejudiced the appellant, except that such prejudice must rise to the higher level of manifest injustice or a miscarriage of justice. *State v. Cole,* 71 S.W.3d 163, 170 (Mo. banc 2002). Thus, even if obvious and clear error is found in the first step of the procedure, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom. *Hibler,* 21 S.W.3d at 96. Inasmuch as we do not find, for the reasons discussed, *infra,* substantial grounds on the face of the appellant's claim for us to believe that the trial court committed evident, obvious, and clear error resulting in manifest injustice to the appellant, we decline plain error review.

In claiming as he does in this point, the appellant relies on § 577.023.5, which provides, in pertinent part, that: "The court *shall find* the defendant to be a prior offender or persistent offender, if: ... (3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender or persistent offender"; and § 577.023.14, which provides, in pertinent part, that: "Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury ... After hearing the evidence, the court shall enter its *findings* thereon." (Em-

phasis added.) The appellant contends that the trial court misapplied this controlling law in that it failed to make an express finding for the record that he was a persistent offender.

■ The law is well settled that to sentence under § 577.023, the trial court is not required to make express findings of fact supporting a finding that the defendant is a prior or persistent offender, *State v. Boyd,* 927 S.W.2d 385, 390 (Mo.App. 1996), or make an express finding that the defendant is such an offender, where the court effectively finds the defendant to be a prior or persistent offender, *State v. Sparks,* 916 S.W.2d 234, 238 (Mo.App. 1995). Here, the trial court's judgment sentenced the appellant to five years in the Missouri Department of Corrections for DWI, as charged in Count I of the amended information. In the amended information, the appellant was charged with DWI, under § 577.010, as a persistent offender, under § 577.023.1(2)(a). A term of imprisonment of five years is reserved for a defendant who is convicted of DWI, under § 577.010, and is found to be a persistent offender, under § 577.023.1(2)(a). Thus, in its judgment, the trial court effectively found that the appellant was a persistent offender and sentenced him accordingly. Hence, we do not find substantial grounds on the face of the appellant's claim in this point for us to believe that the trial court committed plain error and, therefore, decline plain error review.

## II.

In Point II, the appellant claims that the trial court, in determining the issue of whether he was a persistent offender, as charged under § 577.023.1(2)(a), erred in admitting, over his objection, State's Exhibit 2, reflecting a municipal conviction in 1996 in the Circuit Court of Jackson Coun-

ty, Kansas City Municipal Division, for "physical control of a motor vehicle while under the influence of alcohol" because the exhibit was irrelevant on the issue of whether he was a persistent offender. Specifically, he claims that Exhibit 2 should have been excluded as being irrelevant in that after the 1996 amendment of § 577.001.1, defining "driving" for purposes of Chapter 577, the municipal conviction reflected in the exhibit no longer qualified as an IRTO for purposes of § 577.023.1(2)(a) so as to trigger his being sentenced as a persistent offender, in accordance with § 577.023.3. We agree.

The issue of whether the appellant was properly sentenced as a persistent offender, under § 577.023.3, was not raised in the appellant's motion for new trial in the context asserted in his point relied on in Point II, that it was error for the trial court to admit State's Exhibit 2 at the persistent offender status hearing. Although the appellant objected to the admission of State's Exhibit 2 as being irrelevant on the issue of whether he was a persistent offender, in his motion for new trial, he did not challenge the admission of the exhibit as error. Rather, in his motion, he challenged his being sentenced as a persistent offender on the basis that the State had failed to prove, beyond a reasonable doubt, as required by § 577.023.1(2)(a), that he had pleaded guilty to or had been found guilty of two or more IRTOs, in that one of the convictions relied upon by the State to convict him of being a persistent offender, the municipal conviction of 1996, no longer qualified as a IRTO, as defined in § 577.023.1. Despite the discrepancy between the claim that was raised in his motion for new trial and his point relied on in Point II, in reading the appellant's point relied on in conjunction with his argument thereon, see Wood v. Wood, 94 S.W.3d 397, 403 (Mo.App.2003) (stating that we will review a claim as long as we are able to

ascertain the issues being raised to some degree of certainty by reading the point relied on in conjunction with the argument thereon provided that in doing so we are not forced to become an advocate for the appellant), it is clear to us that the error he is raising is that the trial court erred in sentencing him as a persistent offender because the State failed to prove beyond a reasonable doubt that he was a persistent offender, as charged and defined in § 577.023.1(2)(a). Specifically, he is claiming that the State failed to show beyond a reasonable doubt that he had pleaded guilty to or had been found guilty of two or more IRTOs, as defined in § 577.023.1(1). And, because that claim was raised in the appellant's motion for new trial, it is properly preserved for our review.

■■■ To carry its burden of proving that the appellant was a persistent offender, as charged in the information and as defined in § 577.023.1(2)(a), the State had the burden of introducing evidence that established sufficient facts of those pleaded in the information to warrant a finding, beyond a reasonable doubt, that the appellant was a persistent offender. § 577.023.5(2). Although in claiming as he does in the point, the appellant ultimately attacks the sufficiency of the evidence to support his sentence as a persistent offender, the seminal issue is whether the amendatory law of § 577.001.1, defining "driving" for purposes of Chapter 577, resulted in the appellant's April 1, 1996, municipal DWI conviction no longer qualifying as an IRTO, as defined in § 577.023.1(1), for purposes of sentencing under § 577.023.3. Statutory interpretation is a question of law, which this court reviews de novo. State v. Harney, 51 S.W.3d 519, 532 (Mo.App.2001).

The appellant was convicted of DWI, under § 577.010, and was sentenced as a

persistent offender, under § 577.023.3. Section 577.023.3 provides that: "[a]ny person who pleads guilty to or is found guilty of a violation of section 577.010 or 577.012 who is alleged and proved to be a persistent offender shall be guilty of a class D felony." The appellant was alleged by the State to be a persistent offender, under § 577.023.1(2)(a). A "persistent offender" is defined in § 577.023.1(2)(a) as being: "[a] person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged." An IRTO, for purposes of § 577.023.1(2)(a), is defined in § 577.023.1(1) as:

> [d]riving while intoxicated, driving with excessive blood alcohol content, involuntary manslaughter pursuant to subdivision 1 of section 565.024, RSMo, assault in the second degree pursuant to subdivision (4) of subsection 1 of section 565.060, RSMo, assault of a law enforcement officer in the second degree pursuant to subdivision (3) of subsection 1 of section 565.082, RSMo, or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing[.]

In order to convict the appellant of being a persistent offender, the State was required to plead in the amended information all essential facts warranting such a finding. § 577.023.5(1). In that regard, the State alleged in the amended information that:

> On or about April 1, 1996, [appellant] was found guilty of driving while intoxicated for events occurring on December 14, 1995, in the county of Jackson, State of Missouri, and
>
> On or about April 17, 1996, [appellant] was found guilty of driving while intoxicated, for events occurring on November 9, 1995, in the city of Kansas City, State of Missouri, and the defendant was represented by an attorney and the judge was an attorney.

Thus, to carry its burden of proving that the appellant was a persistent offender, as charged in the information, the State had the burden of introducing evidence that established, beyond a reasonable doubt, sufficient facts of those pleaded in the information to warrant a finding that the appellant was a persistent offender. § 577.023.5(2).

At the persistent offender hearing, in order to prove up the appellant's state conviction for DWI in 1996, the State offered State's Exhibit 1. The appellant did not object to that exhibit and does not challenge it on appeal. To prove up his municipal conviction for DWI in 1996, the State offered State's Exhibit 2, reflecting that the appellant had been convicted of violating Kansas City, Missouri, Municipal Ordinance 70–302B for being in "physical control of a motor vehicle while under the influence of alcohol," which was admitted over the appellant's objection. Although the appellant admits that this remains a valid conviction, he claims that the 1996 amendment of § 577.001.1, defining "driving" for purposes of Chapter 577, caused his municipal conviction to no longer qualify as a IRTO under § 577.023.1(1), such that it was error for the trial court to find and sentence him as a persistent offender.

Section 577.010.1 provides: "A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." In 1996, the Missouri legislature amended § 577.001.1, defining "driving" for pur-

poses of Chapter 577, which would include § 577.010.1. Prior to the amendment, § 577.001.1, RSMo 1994, defined "driving" as: "physically driving or operating or being in actual physical control of a motor vehicle." The amended version defines it as: "physically driving or operating a motor vehicle." The Missouri Supreme Court, in *Cox v. Director of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003), held that the removal of the "actual physical control" language from the definition of "driving" narrowed its scope so that physical control of a vehicle alone no longer constituted "driving" for purposes of Chapter 577. The appellant argues from this amendment of the definition of "driving" that his 1996 municipal conviction for "physical control of a motor vehicle while under the influence of alcohol" no longer qualified as an IRTO for purposes of § 577.023. The State agrees with the appellant's analysis of the issue in conceding the appellant's appeal as to sentencing and acquiescing to his being re-sentenced.

In claiming as the appellant does in this point, he is contending that in determining whether a prior offense qualifies as an IRTO, as that phrase is defined in § 577.023.1(1), for purposes of establishing whether a defendant is a persistent offender, under § 577.023.1(2)(a), the relevant time of reference is the time of the present offense, for which the State seeks to enhance punishment using the prior offense, not the time of the prior offense. In other words, he is contending that the issue of whether a prior offense is an IRTO, for purposes of § 577.023, is to be determined based on the law at the time of the present offense, not the prior offense. In support of his contention, the appellant points to the clear purpose of a recidivist statute such as § 577.023, which is to punish the defendant for his present offense, not his prior offenses. *See State v. Zoellner*, 920 S.W.2d 132, 135 (Mo.App.1996). The appellant argues that he "was charged under § 577.023 in order to punish him 'as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct,'" quoting *State v. Acton*, 665 S.W.2d 618, 619 (Mo. banc 1984), and that his prior municipal offense, given the present definition of DWI, does not reflect a propensity for DWI.

▮▮▮▮ In interpreting statutes, we are to determine the legislature's intent, giving the language used its plain and ordinary meaning. *Kerperien v. Lumberman's Mut. Cas. Co.*, 100 S.W.3d 778, 781 (Mo. banc 2003). In determining legislative intent, we are to consider the context in which the language of the statute is used and the "problem the legislature sought to address with the statute's enactment. We must construe the statute in light of the purposes the legislature intended to accomplish and the evils it intended to cure." *State ex rel. Whiteco Industries, Inc. v. Bowers*, 965 S.W.2d 203, 207 (Mo.App.1998). While § 577.023 does not contain any express language resolving the issue presented, the purpose for its enactment clearly sheds light on that issue.

As to the purpose for enacting § 577.023, the Missouri Supreme Court, in *A.B. v. Frank*, 657 S.W.2d 625, 628 (Mo. banc 1983), stated: "Clearly, the purpose of this Prior/Persistent Offender statute [§ 577.023] is to deter persons who have previously been convicted of driving while intoxicated from *repeating their unlawful acts* and to severely punish those who ignore the deterrent message." (Emphasis added.) This recognized deterrent purpose of the statute would obviously not be served by enhancing a defendant's sentence as to the present offense using conduct of a prior offense that, under the existing law, is no longer considered the type of conduct that is sought to be de-

terred. Hence, in determining whether an offense qualifies as an IRTO, as defined in § 577.023.1(1), we believe the legislature intended that only prior offenses involving conduct sought to be deterred at the time of the present offense qualify, as the appellant contends.

We cannot find any cases that address the issue presented in the context of § 577.023. However, the issue has been addressed in the context of § 558.018, a recidivist statute, which allows the enhancement of the sentence of a defendant who is found to be a persistent sexual offender. A defendant is considered a "persistent sexual offender" if he "has previously pleaded guilty to or has been found guilty of the felony of forcible rape, rape, statutory rape in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree or an attempt to commit any of the crimes designated in this subsection." § 558.018.2. In *State v. Brown*, 97 S.W.3d 97, 102 (Mo.App.2002), the appellant claimed that the trial court erred in sentencing him as a persistent sexual offender based on his conviction in 1977 in North Dakota for "attempted gross sexual imposition" because the "acts comprising his prior conviction did not constitute statutory sodomy in the first degree in Missouri in 1977." This court rejected the appellant's claim, finding that it misconstrued § 558.018. *Id.* at 103. In so finding, this court held:

> The issue is not whether [the appellant's] conduct in North Dakota met Missouri's definition of statutory sodomy in the first degree *when that crime occurred*. Rather, the issue is whether his conduct met Missouri's definition of statutory sodomy in the first degree in 2000, *when the crime he was charged with in this case was committed.*

*Id.* (emphasis added) (*citing State v. Heckenlively*, 83 S.W.3d 560, 570 (Mo.App.

2002)). In so holding, the court reasoned that the "[l]egislature's apparent intent in enacting [§ 558.018] was to assess greater penalties against those defendants with an established history of such conduct." *Id.* Although § 558.018 is directed at deterring sexual misconduct, and § 577.023 is directed at deterring drunk driving, these sections are obviously parallel in their approach to deterring a defendant from repeating the targeted misconduct. Hence, the same approach and reasoning used in *Brown* for interpreting § 558.018 in the manner in which it was interpreted would support our interpretation of § 577.023 here.

In relying to some extent on *Brown* for our interpretation of § 577.023, we are aware of this court's holding in *State v. Sales*, 58 S.W.3d 554 (Mo.App.2001), which reached a different result than *Brown* as to relevant time for determining, in the context of § 558.018, whether a prior offense could be used to enhance the defendant's sentence for the present offense. In *Sales*, the defendant claimed on appeal that the trial court erred in sentencing him as a persistent sexual offender, under § 558.018, because the underlying acts of the prior conviction of sodomy in 1992, relied upon by the court in finding him to be a persistent sexual offender, no longer constituted sodomy in that the legislature, in 1994, had changed the definition of "deviate sexual intercourse," a prerequisite for a conviction of sodomy, to exclude hand-to-genital contact, the unlawful conduct for which the defendant was charged and convicted. 58 S.W.3d at 560–61.

The defendant in *Sales* predicated his claim of error on the application of § 1.160, which provides that:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be

affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except:

(1) That all such proceedings shall be conducted according to existing procedural laws; and

(2) That if the penalty or punishment for any offense is reduced or lessened by an alteration of the law creating the offense prior to original sentencing, the penalty or punishment shall be assessed according to the amendatory law.

This court rejected the application of § 1.160 in that the amendatory law relied upon by the defendant did not take place before his sentencing. *Id.* at 562. Having done so, this court then held that the prior misconduct, although no longer considered sodomy, could be used to find the defendant to be a persistent sexual offender, without any discussion of whether allowing the use of the prior conviction violated the purpose of § 558.018, to punish the defendant for his propensity to commit the offense of sodomy and deter him from further such acts.

Interestingly enough, this court in *Brown* never discussed its holding in *Sales*. While the bases of the arguments asserted by the defendants were different, the holdings, as to the issue of whether a prior offense could be used to invoke § 558.018 in sentencing in the present offense, even though the acts of the prior offense, under present-day law, no longer constituted the offense sought to be deterred, are clearly at odds. Since our case turns on the interpretation of § 577.023, not § 558.018, we technically do not have to decide whether *Sales* is still good law or whether it was overruled by *Brown* and the case it relied on, *Heckenlively, sub silentio*. However, we would note that, while we would agree with the *Sales* court

that § 1.160 had no application, we believe that further analysis concerning the intent of the legislature with respect to § 558.018 would have rendered the same result as in *Brown*, which as we noted, *supra*, employed a similar reasoning in interpreting § 558.018 as ours in interpreting § 577.023.

 Having interpreted § 577.023, we now turn to the issue of whether the State, in order for the trial court to sentence the appellant as a persistent offender, carried its burden of showing that he pleaded guilty to or was found guilty of two or more IRTOs. As noted, *supra*, the State, in an attempt to prove that the appellant was a persistent offender, as provided in § 577.023.1(2)(a), relied on the appellant's municipal conviction of 1996 for "physical control of a motor vehicle while under the influence of alcohol." As discussed, *supra*, under existing law, the conduct of that offense would no longer constitute the offense of DWI, or any other offense enumerated in § 577.023.1(1), as being an IRTO. Thus, given our interpretation of § 577.023, the appellant's prior municipal offense would not qualify as an IRTO and could not be used to punish him as a persistent offender. With that as a given, the State failed in its burden, as mandated by § 577.023, to plead and prove, beyond a reasonable doubt, that the appellant had pleaded guilty to or had been found guilty of two or more IRTOs such that the trial court erred in sentencing the appellant as a persistent offender, under § 577.023.3.

The appellant contends and the State concedes that the remedy for the trial court's error is to reverse and remand to the court for re-sentencing. In seeking to be re-sentenced, the appellant does not specify under what section he should be re-sentenced, § 577.010.2, for a class B misdemeanor, or § 577.023.2, as a "prior offender" for a class A misdemeanor. The State, however, contends that we should

remand with directions that the appellant be re-sentenced as a prior offender, citing evidence in the record supporting his being found a prior offender. Section 577.023.1(3) defines a "prior offender" as "a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred within five years of the occurrence of the intoxication-related traffic offense for which the person is charged." The State's position is correct.

A recidivist statute like § 577.023 defines a "penalty rather than a crime." *State v. Cullen,* 39 S.W.3d 899, 904 (Mo. App.2001). Thus,

> proof of one or more prior intoxication-related convictions under § 577.023 is not an essential element of the underlying intoxication-related offense for which a defendant is charged ... Rather, the proof of such prior convictions merely serves to authorize enhanced punishment for the underlying offense charged, if the defendant is found guilty.

*Id.* Hence, because the determination of prior and persistent status under § 577.023 does not involve a determination of guilt or innocence, a remand to the trial court to determine whether the defendant is a prior or persistent offender under the statute and to re-sentence him in accordance therewith does not violate double jeopardy. *Id.* However, in remanding for re-sentencing, the trial court, in a jury-tried case, is not at liberty to reopen the § 577.023 hearing inasmuch as § 577.023.6 mandates that the facts of a defendant's prior or persistent status must be pleaded, established and found *prior* to submission to the jury outside of its hearing. *Id.* at 906–07; *State v. Emery,* 95 S.W.3d 98, 103 (Mo. banc 2003) (emphasis added). Thus, the question arises as to re-sentencing on remand whether the record would support the appellant's being re-sentenced as a prior offender.

The definitions for a "persistent offender," under § 577.023.1(2)(a), and for a "prior offender," under § 577.023.1(3), are identical, except the former requires proof of two prior IRTOs, while the latter only requires the proof of one. Thus, the pleading, proving and finding of a defendant to be a persistent offender, under § 577.023.1(2)(a), necessarily involves the pleading, proving and finding of a defendant to be a prior offender, under § 577.023.1(3). Hence, in our case, in finding the appellant to be a persistent offender, the trial court implicitly found facts, pleaded and proven by the State, establishing beyond a reasonable doubt that the appellant was a prior offender, based on his 1996 state conviction for DWI. The appellant did not contest at trial the evidence establishing his prior state conviction for DWI and does not challenge it on appeal. Thus, facts were "pleaded, established and found prior to the submission to the jury outside of its hearing," in accordance with § 577.023.6, sufficient to find that the appellant was a prior offender, under § 577.023.1(3). Accordingly, the appellant should be re-sentenced on remand as a prior offender, pursuant to § 577.023.2.

## Conclusion

The judgment of the circuit court sentencing the appellant as a persistent offender, pursuant to § 577.023.3, to five years in the Missouri Department of Corrections for DWI, under § 577.010, is reversed and the case remanded to the court for the sole purpose of re-sentencing the appellant as a prior offender, pursuant to § 577.023.2.

BRECKENRIDGE, P.J., and HOWARD, J., concur.