

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,

    Plaintiff-Respondent,

v.

JOHNNY CROWELS,

    Defendant-Appellant.

No. SD38648

Filed: September 30, 2025

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

The Honorable David B. Mouton, Judge

**AFFIRMED**

Johnny Crowels ("Crowels") appeals his conviction for the class C felony of

unlawful possession of a firearm[1] following a jury trial in the Circuit Court of Jasper

---

[1] *See* section 571.070. Crowels was also charged with two counts of the class A felony of assault in the first degree, section 565.050, RSMo 2016; one count of the unclassified felony of armed criminal action, section 571.015; one count of the class B felony of unlawful use of a weapon, section 571.030, RSMo Cum. Supp. 2021; one count of the class D felony of tampering in the first degree, section 569.080.1(2), RSMo 2016; one count of the class D felony of property damage in the first degree, section 569.100, RSMo 2016 (including changes effective August 28, 2017); one count of the class E felony of resisting a lawful stop, section 575.150, RSMo 2016; and one count of the class

County, Missouri ("trial court"). The trial court sentenced Crowels, as a prior and persistent offender, to 15 years' imprisonment on that specific count, consecutive to the other counts.[2] Crowels raises a single point on appeal in which he argues that "there was insufficient evidence to prove beyond a reasonable doubt that the prior conviction on which the [S]tate relied to elevate the unlawful possession of a firearm charge from a D felony to a C felony constituted a dangerous felony under Section 556.061(19) RSMo." Finding no merit in Crowels's point, we affirm the trial court's judgment.

**Factual Background and Procedural History**

The following evidence viewed in the light most favorable to the verdict was adduced at trial: In March 2022, Crowels purchased a Ford F-250 from a car dealership by using another person's identity and financial history. After Crowels drove away in the vehicle, the car dealership learned Crowels had misrepresented his identity and reported the truck as having been stolen.

On April 1, 2022, Sergeant Hayden Swinehart from the Carthage Police Department spotted Crowels and a woman acting suspiciously as they were walking out

---

E felony of unlawful use of a weapon, section 571.030. The jury found Crowels guilty of assault in the fourth degree, the class C felony of unlawful possession of a firearm, tampering in the first degree, resisting a lawful stop, and the class E felony of unlawful use of a weapon, and not guilty of the remaining charges. Unless otherwise indicated, all statutory citations are to RSMo Cum. Supp. 2020, including statutory changes effective August 28, 2020.

[2] The trial court further sentenced Crowels to one-year credit for time served on assault in the fourth degree, and, as a prior and persistent offender, to 10 years' imprisonment for the class felony D tampering, seven years' imprisonment for the class E felony resisting a lawful stop, and seven years' imprisonment for the class E felony unlawful use of a weapon, all sentences to run consecutive to each other.

2

of a Walmart. He further noticed that Crowels "side-eyed" him before Crowels entered the truck, and then looked at Sergeant Swinehart in his rearview mirrors. Sergeant Swinehart ran the truck's license plates and realized that the vehicle was stolen. Sergeant Swinehart tried to pull the truck over in the Walmart parking lot by activating his lights and siren, but Crowels exited the parking lot and accelerated the truck "very quickly" reaching "speeds in excess of 80 miles per hour" and, at one point, the truck became airborne. Sergeant Swinehart eventually terminated the pursuit.

The Jasper County Sheriff, Randee Kaiser, heard about the pursuit over the radio and observed the truck turn eastbound traveling away from town and accelerate at a very high rate of speed. Sheriff Kaiser attempted to make a traffic stop by activating his lights and siren, but the truck accelerated even more, reaching speeds 20 miles per hour over the speed limit. Additional law enforcement from the Carthage Police Department and the Jasper County Sheriff's Department tracked Crowels's movement and attempted to place spike strips. Crowels eventually crashed the truck and got stuck in a fence. Crowels opened his door and pointed a handgun at a responding officer who ducked down behind the back of the officer's patrol vehicle because he was afraid of being shot. Crowels then attempted to get the truck unstuck from the fence and was ultimately able to do so. He then drove back and forth in a field while officers attempted to contain him unsuccessfully. Crowels exited the field and drove westbound at speeds of 70 to 80 miles per hour as officers pursued him with lights and sirens on.

Another deputy turned onto the road Crowels was driving on heading toward the deputy. Crowels swerved and drove on the wrong side of the road toward the deputy,

3

striking the deputy's vehicle and causing significant damage to it. Crowels continued driving westbound, lost control, and ended up in a creek. Crowels exited the truck and began running with a gun in his hand. Law enforcement employed a "beanbag" shotgun to assist in taking Crowels into custody after a brief pursuit on foot. The gun Crowels held contained eight bullets.

The trial court admitted into evidence State's Exhibit 3, an authenticated and certified copy of court records of Crowels's prior conviction from the State of California. Exhibit 3 specifically included a complaint, which alleged that "[o]n or about December 25, 1999," Crowels violated California Penal Code section 245(a)(2) by "willfully and unlawfully commit[ting] an assault upon [victim] with a firearm." It further alleged that "during the commission … of the felony charged above [Crowels] did willfully and unlawfully personally use a firearm, within the meaning of Section 12022.5(a) of the California Penal Code, USE OF FIREARM DURING COMMISSION OF FELONY." Exhibit 3 also contained a "Docket, Minute and Commitment Sheet" showing Crowels pled no contest to the charge and that the State dismissed the other counts. A "Declaration and Order Regarding Plea of Guilty/No Contest to a Felony" contained in Exhibit 3 found there was a factual basis for the charged crime and memorialized Crowels's plea to the charge and admission of the enhancement under section 12022.5(a) of use of a firearm in the commission of a felony. Exhibit 3 also contained the court's judgment which detailed that Crowels was convicted on March 7, 2000, of the felony of assault with a firearm under section 245(a)(2) and of the enhancement under section 12022.5(a), and sentenced to two years' imprisonment for assault with a firearm and

three additional years' imprisonment for the enhancement under section 12022.5(a), for a total of five years' imprisonment. Crowels testified on his own behalf at trial and admitted, among other facts, that he had a prior felony conviction from California for assault with a firearm which prevented him from lawfully possessing a firearm.

The trial court sentenced Crowels as a prior and persistent offender to 15 years' imprisonment for unlawful possession of a firearm, that sentence to be served consecutively to his other sentences. The State questioned whether it was proper to sentence Crowels to 15 years' imprisonment on a class D felony. The trial court clarified that the class D felony was enhanced to a class C felony due to Crowels's prior conviction for assault with a firearm in California and that Crowels's status as a prior and persistent offender permitted the trial court to sentence Crowels as though he committed a class B felony.

Crowels appealed.

### Standard of Review

Crowels challenges the sufficiency of the evidence to support the enhancement of his sentence from a class D felony to a class C felony. Because "a sentence enhanced on insufficient evidence is no less repugnant to society than a conviction obtained on insufficient evidence[,]" Crowels's point is reviewed under the sufficiency of the evidence to sustain a conviction standard. *State v. Nowicki*, 682 S.W.3d 410, 414 (Mo. banc 2024). "When reviewing a claim challenging the sufficiency of the evidence, this Court must make a *de novo* determination whether the evidence is sufficient to permit a reasonable fact-finder to find the necessary facts beyond a reasonable doubt." *Id.*

"In making that determination, great deference is given to the trier of fact, and an appellate court will not weigh the evidence anew." *State v. Alexander*, 505 S.W.3d 384, 393 (Mo. App. [E.D.] 2016) (citing *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011)). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." [*State v.*] *Belton*, 153 S.W.3d [307,] 309 [(Mo. banc 2005)].

***State v. Boyd***, 659 S.W.3d 914, 925 (Mo. banc 2023).

## Analysis

Under section 571.070.2, "[u]nlawful possession of a firearm is a class D felony, unless a person has been convicted of a dangerous felony as defined in section 556.061, in which case it is a class C felony." "Dangerous felony" is defined as including "the felon[y] of … armed criminal action[.]" Section 556.061(19). "A foreign conviction may qualify as one of the crimes enumerated …." ***State v. Brown***, 97 S.W.3d 97, 102 (Mo. App. W.D. 2002). Further, "[t]he test for determining whether a foreign conviction qualifies is whether the acts constituting the foreign conviction constitute the commission of one of the crimes enumerated in [the enhancement provision]." *Id.* "It is not necessary for the State to prove that the elements of the foreign statute correspond to the elements of the crimes listed in [the enhancement provision]." *Id.*

Section 571.015.1 states in part:

Any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the offense of armed criminal action …. The punishment imposed pursuant to this subsection shall be in addition to and consecutive to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon.

A "felony" is defined as "an offense so designated or an offense for which persons found guilty thereof may be sentenced to death or imprisonment for a term of more than one year[.]" Section 556.061(26). The statute also defines "[d]eadly weapon" in part as "any firearm[.]" Section 556.061(22). "Firearm" is defined as "any weapon that is designed or adapted to expel a projectile by the action of an explosive[.]" Section 571.010(8), RSMo 2016.

The State relied on State's Exhibit 3 to prove that Crowels was previously convicted of assault with a firearm under California Penal Code section 245(a)(2). This section penalizes the act of "commit[ing] an assault upon the person of another with a firearm[.]"[3] The complaint in Exhibit 3 alleged as part of Count I that "during the commission … of the felony charged above [Crowels] did willfully and unlawfully personally use a firearm, within the meaning of Section 12022.5(a) of the California Penal Code, USE OF FIREARM DURING COMMISSION OF FELONY." The "Docket, Minute and Commitment Sheet" in Exhibit 3 showed Crowels pleaded "No Contest" to Count I. The "Declaration and Order Regarding Plea of Guilty/No Contest to a Felony" in Exhibit 3 memorialized Crowels's plea to Count I and admission to use of a firearm under California Penal Code section 12022.5(a). The court's judgment and "State Prison Minute Order" in Exhibit 3 detailed Crowels was convicted on March 7, 2000, of the felony of assault with a firearm, for which he was sentenced to two years' imprisonment, and of using a firearm in the commission of a felony under California

---

[3] CAL. PENAL CODE section 245(a)(2) (effective January 1, 2012).

Penal Code section 12022.5(a), for which he was sentenced to three years' imprisonment, for a total of five years' imprisonment. California Penal Code section 12022.5 states:

> any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense.

Section 12022.5(a)(1).[4] "'[F]irearm' means a device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of an explosion or other form of combustion." Sections 12001 and 16520(a).[5]

We determine that State's Exhibit 3 sufficiently showed that Crowels's California conviction for assault with a firearm was in part for having used a firearm in the commission of assault, a felony. We further determine Crowels's prior conviction of assault with a firearm is the equivalent of the "dangerous felony" of armed criminal action under section 556.061(19), as both crimes require a defendant to have "use[d] a firearm in the commission … of a felony" and both section 12022.5 and section 556.061 mandate additional and consecutive punishment for the use of a firearm in the commission of a felony. As such, Crowels's California conviction for assault with a firearm and the sentencing enhancement for the use of a firearm in the commission of a felony qualified as a dangerous felony. Section 556.061(19).

---

[4] CAL. PENAL CODE section 12022.5 (effective January 1, 2018).

[5] CAL. PENAL CODE section 12001 (effective January 1, 2012) and section 16520(a) (effective January 1, 2024).

Consequently, sufficient evidence was adduced at trial to demonstrate that Crowels's prior California conviction was equivalent to the "dangerous felony" of armed criminal action in Missouri. The trial court did not err in convicting Crowels of the class C felony of unlawful possession of a firearm under section 571.070.2. Crowels's point is denied.

The trial court's judgment is affirmed.

JENNIFER R. GROWCOCK, C.J. – OPINION AUTHOR

BECKY J. WEST, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS